BILLINGTON *v.* STATE.[*]

(Division B. Oct. 5, 1925.)

[105 So. 457. No. 24813.]

INTOXICATING LIQUORS. *Possession of Jamaica ginger or essence of ginger, put up in accordance with United States Pharmacopœia, held not violation of statute prohibiting possession of intoxicating liquors.*

The mere possession of Jamaica ginger or essence of ginger, put up in accordance with the United States Pharmacopœia, does not violate our statute, chapter 189 of the Laws of 1918, prohibiting the possession of intoxicating liquors; such articles as Jamaica ginger being recognized as having a medicinal value, and, used as such, may be lawfully possessed. *Davison* v. *Town of Newton*, 102 So. 161, 36 A. L. R. 717, cited.

\*Headnote 1.　Intoxicating Liquors, 33 C. J., Section 198.

APPEAL from circuit court of Calhoun county.

HON. THOS. E. PEGRAM, Judge.

J. W. Billington was convicted for possession of intoxicating liquors in quantity exceeding one quart, and he appeals. Reversed, and appellant discharged.

*E. B. Patterson,* for appellant.

The testimony in this case shows without question that the Essence of Ginger found in defendant's drug store was put up in accordance with the United States Pharmacopœia and contained the least per centage of alcohol possible for the official preparation of this drug, to-wit, ninety per cent. And further, that it was put up in double strength ginger, which rendered it practically impossible to be used as a beverage.

The opinion of this court on suggestion of error in *Young* and *Davison cases,* 102 So. 161, 36 A. L. R. 717, and subsequent opinions in like cases, forever set at rest the question of the mere possession of this sort of drug until some such time as our lawmakers see fit to enact some further legislation regulating the possession or keeping of this class of patent and proprietary medicines.

*J. L. Byrd,* Assistant Attorney-General, for the state.

There is considerable testimony in the record in regard to the finding of this Jamaica ginger, among which is the

testimony that the appellant denied that he had any Jamaica ginger in his possession when the sheriff served the warrant on him.    In explanation of this, the appellant said that he denied that he had any intoxicating liquor and did not mention Jamaica ginger.    There is no direct testimony of any sale of this preparation by the appellant for beverage purposes, but on the other hand he testifies that he never sold any for beverage purposes.

The appellant relies for a reversal on the cases of *Young* v. *State,* and *Davison* v. *Town of Newton,* which are the cases recently decided by this court holding that the possession of Jamaica ginger is not unlawful unless the amount possessed is shown to be for beverage purposes.    Under these cases we doubt very much whether the facts in this record are sufficient to uphold the conviction, but we submit it to the court for its consideration as to the sufficiency of the evidence.    The only question raised is the sufficiency of the evidence under these cases.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for unlawfully having in his possession intoxicating liquors in a quantity exceeding one quart, and was put upon trial, convicted, fined, and sentenced to a term in the county jail.    The evidence used against him was obtained by means of a search warrant.    The appellant owned a drug store, a part of which was occupied by him as a living and sleeping room, and a lot of Jamaica ginger was found in his room, and this was the only intoxicating liquor shown to have been possessed by the defendant.

In *Young* v. *State,* and *Davison* v. *Town of Newton* (Miss.), 102 So. 161, 36 A. L. R. 717, we held that the statute prohibiting the possession of intoxicating liquors did not apply to articles used as medicines, etc., which might be lawfully possessed for certain purposes, and that the possession of Jamaica ginger, put up in accordance with the United States Pharmacopœia, recognized as having a

proper medicinal value and use, would not sustain a conviction under the statute. See, also *Reeves Grocery Co.* v. *State* (Miss.), 103 So. 425, following the above decision. These cases are squarely in point in the case before us, and the judgment and conviction will be reversed, and appellant discharged.

*Reversed, and appellant discharged.*