. BROWN *v.* STATE.*

(Division A. March 15, 1926.)

[107 So. 381.  No. 25432.]

1. INTOXICATING LIQUORS. *Sale of Jamaica ginger held for beverage purposes, buyers, detectives, asking for it for that purpose.*

Sale of Jamaica ginger was for beverage purposes, and so illegal, that being the purpose for which the buyers declared they wanted it, though they were acting as detectives, as the seller suspected, and he made the sale, as he said, to trick them.

2. CRIMINAL LAW. *Error in admission of state's evidence will not be
    determined, defendant being guilty under his own testimony.*
    Appellate court need not determine question of error in allowing
    state to prove more than one sale on date alleged in indictment,
    defendant being guilty on his own testimony.

*Corpus Juris-Cyc. References: Criminal Law, 17 CJ., p. 203, n. 85.
Intoxicating Liquors, 33 CJ., p. 597, n. 72; Intoxicating character of
Jamaica ginger, see note in 48 L. R. A. (N. S.) 307; 15 R. C. L., p. 377;
3 R. C. L. Supp., p. 450; 4 R. C. L. Supp., p. 992.

APPEAL from circuit court of Simpson county.
HON. W. L. CRANFORD, Judge.
Sam Brown was convicted of unlawful sale of liquor,
and appeals. Affirmed.

*J. P. Edwards* and *W. M. Lofton,* for appellant.

I.    The court erred in overruling the motion of the ap-
pellant to require the district attorney to *elect* the par-
ticular sale on which the defendant should be tried and
then confine the testimony of the state to that particular
sale. The lower court permitted the state to introduce
testimony as to four distinct sales on the same day. The
defendant on more than one occasion moved the court
to require the district attorney to elect what sale and
each time this motion was overruled by the lower court.
This was error. See *Newman* v. *State,* 72 Miss. 124, 16
So. 232. *The election must be made before the testi-
mony is introduced.* See *King* v. *State,* 54 So. (Miss.)
657.

II.    In the case at bar the Jamaica ginger was not sold
as a beverage. The defendant says it was not. He
says that he took these witnesses Speed and Mayfield
to be detectives, and that he thoroughly understood that
they did not want to buy this Jamaica ginger for bev-
erage purposes and that he willingly sold it to them
for that reason. The record shows that the defendant
has acted in the utmost good faith in this matter; for

while it was not permitted to go to the jury, yet it is in the record that the defendant wrote to the attorney-general of the state for advice on this subject and the answer to his inquiry is incorporated in the record.

The testimony of both Speed and Mayfield, witnesses for the state, showed that they bought the Jamaica ginger not for beverage purposes at all, but they bought it simply to be used as evidence against the defendant. Now we submit in all frankness that under the authority of *Davison* v. *Town of Newton,* 102 So. 161, that the defendant at the bar has not violated any law.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

I.  The motion to require the district attorney to elect the particular sale upon which he would ask a conviction and also the objection by the defendant to the testimony offered by the state of more than one sale were properly overruled.  Section 1762, Code of 1906 (section 2098, Hemingway's Code) ; *Thomas* v. *Yazoo City,* 95 Miss. 395 ; *Harvey* v. *State,* 95 Miss. 601 ; *King* v. *State,* 99 Miss. 23, 54 So. 657.

Section 2098, Hemingway's Code, authorizes the introduction of proof of more than one sale, and the opinion of the court in *King* v. *State, supra,* holds that it is error to allow a district attorney to elect after he has made proof of more than one sale as authorized by said section.  Proof of more than one sale was competent in this case to show knowledge on the part of the appellant that he was selling the Jamaica ginger as a beverage and not as medicine. *King* v. *State,* 66 Miss. 502 ; *Pederee* v. *State,* 108 Miss. 653.

II.  The peremptory instruction requested by defendant was properly refused.  In *Goode* v. *State,* 87 Miss. 495, Judge TRULY, in rendering the opinion of the court said: "If three things appear from the evidence to the satisfaction of the jury, they should convict—(1)  that

the defendant sold the article; (2) that the compound was intoxicating; and (3) that it was sold by the defendant as a spiritous beverage, and not as a medicine. But all three of these elements of guilt must be proved in order to sustain a conviction, where the compound is intended primarily as a medicine."

Appellant admits, first, that he sold the article; second, that is was intoxicating; and, third, that it was sold by him not as a medicine. He also admits that the circumstances testified to by the witness Speed at the time sales were made were true.

If the defendant sells Jamaica ginger which he knows to be intoxicating and can be used as a beverage, and he does not sell it as a medicine, then the intention of the purchaser or the use to which he puts it can make no difference in the guilt or innocence of the seller. Our courts have held that the only lawful use for which Jamaica ginger may be sold is as a medicine, and appellant admits he was not selling it as a medicine.

III. What does the appellant offer to overcome all this testimony for the state, which was corroborated by his admissions? He says that when Speed and Mayfield entered his store he did not know but suspected that they were detectives and sold to them, not as medicine, but to trick them. This defense was no doubt hatched up by appellant after he had heard the testimony of the witnesses for the state. It was properly left to the jury to say whether these unreasonable and unbelievable statements of the defendant were true or false, and they have found them by their verdict false. *King & Wall* v. *State,* 58 Miss. 737; *Bertrand* v. *State,* 73 Miss. 51; *Goode* v. *State,* 87 Miss. 495; *Davison* v. *Town of Newton,* 102 So. 161.

McGOWEN, J., delivered the opinion of the court.

The appellant, Sam Brown, was indicted, tried, and convicted of an unlawful sale of intoxicating liquors,

to-wit, Jamaica ginger, as a beverage; the sale alleged in the indictment to have occurred on or about the 24th day of July, 1925.

Briefly stated, the facts are these: The defendant was approached by Mayfield and Otis Speed, who were acting as prohibition officers at the time. They sought to purchase from Brown, the defendant, at his drug store, Jamaica ginger. Mayfield said to Brown, "I feel like throwing a drunk to-day and I want to do it on Jamaica ginger," and Brown laughed and said, "All right, right to the back." Thereupon Brown produced from underneath the counter in the rear of his drug store two bottles of Jamaica ginger wrapped in a paper sack, for which Speed paid him one dollar, fifty cents a bottle. At the same time Speed's partner, Mayfield, purchased from the defendant Brown two bottles of Jamaica ginger likewise; paid therefor the sum of one dollar. Late in the afternoon of the same day, they went back to Brown's drug store, one of the kind of drug stores that do not fill prescriptions, but in the main sell medicines already prepared, and Speed acted as if he were intoxicated to some extent, told Brown the "Jake" would make us drunk, told Brown they wanted some more "Jake," and again bought two bottles each in the manner as on the first occasion in the morning, on which occasion Brown said to the purchasers:

"If this don't fill the bill for you, I will sell you bottled 'Alcobath,' and this will do the work."

To which Speed replied: "The Jake will make us drunk, and that is what we want; but we don't know much about Alcobath, so we would rather have Jake."

The defendant strenuously objected to the proof of the second sale, and moved the court also to require the district attorney to elect which one of the sales he would stand on, all of which was overruled by the court. Whereupon the defendant himself took the stand and swore that the Jamaica ginger was sold to the two witnesses Speed and Mayfield, just as detailed by them, and that the con-

versations reported by them which we have quoted above occurred as stated. But the defendant said further that he had been warned by a drummer friend that these prohibition agents were working in his neighborhood, that he knew their purpose in buying the stuff was not to use it as a beverage, and while they bought it under the circumstances they alleged, that he suspected they were detectives, and he thought it was their job to trick him, and "I just thought I would trick them back."

The court below instructed the jury that the defendant was guilty if he sold intoxicating liquors, Jamaica ginger, as a beverage, regardless of whether the purchaser thereof drank it or exhibited it as evidence, or whether the defendant in selling it as a beverage did so to trick the purchasers.

The defendant made no claim that he sold Jamaica ginger as a medicine. There were only two ways in which he could have sold Jamaica ginger in Mississippi —one as a medicine, the other as a beverage. If indeed he resorted to this method to trick the representatives of the law, the court has successfully turned "the trick" on him by imposing a fine of five hundred dollars and sentencing him to serve six months in the Simpson county jail, all of which we think is correct, in view of the fact that the defendant swore on the witness stand that he was guilty, and whatever may be the law as to proving more than one sale on the date alleged in the indictment instead of anterior to the date, the defendant has relieved us from the necessity of going into that question at this time, for under his own statement he is undoubtedly guilty of selling Jamaica ginger, an intoxicating liquor, as a beverage, and the defense of undertaking to trick those who are trying to catch him will not avail in this court.

*Affirmed.*