## Dempsey *v.* State.*

(Division A.   Feb. 7, 1927.)

[111 So. 295.   No. 26135.]

1. Intoxicating Liquors. *Evidence held insufficient to sustain conviction for possessing and keeping for sale Jamaica ginger* (*Laws 1926, chapter 201*).

   Evidence *held* insufficient to sustain conviction, under Laws 1926, chapter 201, for having in possession and keeping for sale, barter, and to give away a liquid ginger preparation known as Jamaica ginger.

2. Intoxicating Liquors. *Mere possession is insufficient to sustain charge of possessing liquor with intent to sell, barter, or give away.*

   Mere possession of quantities of intoxicating liquors or Jamaica ginger is not sufficient to sustain charge of possessing intoxicating liquors, with intent to sell, barter, or give away.

---

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 762, n. 58, 59. On test of intoxicating character of Jamaica Ginger, see annotation in 11 A. L. R. 1236; 3̇6 A. L. R. 735; 15 R. C. L. 376; 3 R. C L. Supp. 450; 4 R. C. L. |Supp. 992; 6 R. C. L. Supp. 911.

Appeal from circuit court of Winston county.
Hon. T. L. Lamb, Judge.

Mrs. Ella Dempsey was convicted of having in her possession and keeping for sale, barter, and to give away a liquid ginger preparation known as Jamaica ginger, and she appeals. Reversed and remanded.

*L. H. Hopkins,* for appellant.

The indictment does not properly follow out the statute; and even if it did, the testimony is wholly insufficient to sustain a conviction. This case falls squarely within *Stansbury* v. *State,* 98 Miss. 436; *McComb City* v. *State,*

100 Miss. 193; *Washington* v. *City of Jackson,* 112 Miss. 171.

The court will observe that besides the irregular and illegal procedure by the state, there is not a word of testimony in this record that a sale, or any disposition of said "jake" was being illegally made by the defendant. Therefore, we submit, the testimony is insufficient to warrant a conviction.

*W. A. Scott,* Special Agent, for the state.

The appellant contends that the evidence is insufficient to sustain conviction for possessing Jamaica ginger with intent to sell and in support of this contention cites several cases on the subject. These cases in effect hold that the mere possession of great quantities of intoxicating liquor is insufficient to sustain conviction for possessing them with intent to sell. We think, however, that the facts in the present case are a great deal stronger than any of those cited by the appellant for the reason that a great quantity of Jamaica ginger was found on the property, a large number of empty Jamaica ginger bottles and cans were located thereon, and the appellant made strenuous efforts to destroy the evidence before it was discovered by the officers.

The indictment in this case was drawn under chapter 201, Laws of 1926. The indictment alleges that appellant was keeping the Jamaica ginger for sale without having first obtained a license and the question arises whether a license is necessary where a person keeps extracts of this nature with intent to sell and has not made a specific sale. Under these circumstances we do not think a license is necessary and that it becomes necessary only when a sale is actually made or when negotiations are entered into leading up to a sale.

The appellant objects to the indictment on the ground that it does not negative that the Jamaica ginger was possessed by the appellant to be sold for medicinal or

household purposes or for uses in cooking, baking, and purposes incidental to the treatment of disease. This court has held on different occasions that the mere possession of Jamaica ginger compounded in accordance with the United States pharmacopoeia and having a recognized medicinal value in use is not unlawful. *Young* v. *State,* 102 So. 161, 137 Miss. 188; *Reeves Gro. Co.* v. *State,* 103 So. 425; *Billington* v. *State,* 105 So. 457; and that in order to convict for the sale of Jamaica ginger it must be shown that the preparation was sold as a beverage. *King* v. *State,* 58 Miss. 737; *Bertrand* v. *State,* 73 Miss. 51, 18 So. 545; *Good* v. *State,* 87 Miss. 495, 40 So. 12; *Payne* v. *State,* 125 Miss. 896, 88 So. 483.

We recognize the above decisions, however, as rules of substantive law, and maintain that the exceptions set forth in section 1, chapter 201, Laws of 1926, do not have to be negatived in the indictment but are matters of defense and the burden of establishing them rests upon the defendant.

McGOWEN, J., delivered the opinion of the court.

The appellant, Mrs. Ella Dempsey, was tried and convicted of having in her possession and keeping for sale, barter, and to give away a liquid ginger preparation known as Jamaica ginger, etc. The facts necessary to state for the decision of the case are as follows:

The sheriff and some deputies, armed with a search warrant, went to the home of Mrs. Dempsey, in Louisville. While there making the search, one of the deputies followed the appellant into one part of the house and saw her attempt to hide a paper bag containing twelve two-ounce bottles of extract of ginger or Jamaica ginger. She did not obey the officer when called on to turn it over, but claimed that she had eggs in the paper bag. Thereupon, when the officer seized her and attempted to take the bag, she struck him in the face with a bottle of ginger and undertook to destroy the remaining bottles.

There was also proof that quite a number of empty Jamaica ginger or "Jake" bottles were found in the loft of the house and elsewhere about the premises. The state offered no proof of any sale of the Jamaica ginger or circumstances tending to show a sale, unless the possession of the dozen two-ounce bottles and the quantity of empty bottles strewn around the premises would sustain proof that the articles were kept for sale or to give away. This indictment was drawn under chapter 201, Laws of 1926.

This court has repeatedly held that the mere possession of quantities of intoxicating liquor or Jamaica ginger is not sufficient to sustain the charge of possessing intoxicating liquor with intent to sell, barter, or give away, and this case is ruled by the case of *Young* v. *State,* 137 Miss. 188, 102 So. 161, 36 A. L. R. 717; *Reeves Grocery Co.* v. *State* (Miss.), 103 So. 425; and *Billington* v. *State,* 140 Miss. 179, 105 So. 457.

In the instant case, it is not shown that any of the Jamaica ginger had been offered for sale as a beverage, or that the appellant kept it on hand for sale or to give away. She stated that the bag containing the bottles of extract of ginger had been left by a friend in her house over her protest. The cases cited, *supra,* apply to chapter 201, Laws of 1926, as well as to chapter 189, Laws of 1918.

*Reversed and remanded.*