CUTTS *v.* STATE.*

(Division A.   Nov. 7, 1927.)

[114 So. 389.   No. 26431.]

1. INTOXICATING LIQUORS. *It is not unlawful to possess intoxicating preparations with no intention to sell or give them away until permit has been secured (Laws 1926, chapter 201, sections 1, 2).*

Under Laws 1926, chapter 201, sections 1, 2, it is not unlawful to possess intoxicating preparations named in section 1 if there is no intention or purpose of selling, bartering, or giving away same for any purpose, unless and until a permit so to do has been secured from proper authorities.

2. INTOXICATING LIQUORS. *State had burden of proving that defendant possessed allspice for purpose of selling, bartering, or giving same away in violation of statute (Laws 1926, chapter 201, sections 1, 2).*

State had burden of proving that alcoholic preparation labeled "allspice" found in closet of defendant's hotel was possessed by

148 Miss.—38.

defendant for purpose of being sold, bartered, or given away in violation of provisions of Laws 1926, chapter 201, sections 1, 2.

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 584, n. 75; p. 585, n. 90; p. 744, n. 7, 22; p. 746, n. 43; p. 762, n. 58. As to power to prohibit the keeping of intoxicating liquor irrespective of any intention to sell it in violation of law, see annotation in 24 L. R. A. (N. S.) 172; 26 L. R. A. (N. S.) 394; L. R. A. 1915D, 172; L. R. A. 1917D, 938; 2 A. L. R. 1085; 15 R. C. L. 265; 3 R. C. L. Supp. 441; 6 R. C. L. Supp. 909.

APPEAL from circuit court of Winston county.

HON. B. D. NEWSOM, Judge.

J. R. Cutts was convicted of possessing intoxicating liquors, and he appeals. Reversed and judgment rendered.

*Z. A. Brantley* and *Thomas G. Hopkins,* for appellant.

The facts are insufficient to sustain a conviction. The record discloses that the appellant was engaged in the grocery business and selling to the public groceries and other merchandise and in addition thereto was engaged in the hotel business. The proof further shows that the appellant in an effort to comply with the law had filed his petition with the mayor and board of aldermen of the city of Louisville, Mississippi, for a permit to handle extract for cooking purposes along with his grocery business, and while awaiting the action of the mayor and board of aldermen received the two cases of extract in question and had it placed in the pantry of his hotel.

The appellant was indicted under chapter 201, Laws of 1926, for having in his possession and keeping for sale, barter and to give away the liquid preparation known and designted as essence of allspice.

There is no proof in the record to sustain a single allegation in the affidavit. The state must establish by competent evidence that the appellant had it in his possession and under his control for the purpose of selling,

bartering or to give away. This court has repeatedly held that the mere possession is insufficient to sustain a charge of possessing liquors with intent to sell, barter or give away. *Collins* v. *State,* 65 So. 645; *Young* v. *State,* 137 Miss. 188; *Reeves Gro. Co.* v. *State,* 103 So. 425; *Billington* v. *State,* 140 Miss. 179.

This case should be reversed and judgment entered.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I agree that it is necessary for the state to prove that the preparation must be possessed for the purpose of selling, giving away or bartering. The cases cited by counsel support that proposition and go even further in holding that persons who possess Jamaica ginger put up in accordance with the United States pharmacopea and having a recognized medicinal value and use are not guilty of the possession of intoxicating liquor unless the record discloses that it is possessed for the purpose of being sold as a beverage.

This is not a case, however, where a person is charged merely with having possession of intoxicating liquor as was true in each of the cases cited in appellant's brief. This is a conviction under the provisions of chapter 201, Laws of 1926. An examination of that statute will show that section 1 makes it unlawful for any person to sell, barter, give away or keep for such purposes any of the preparations therein enumerated. Section 2 makes it unlawful for any person to sell, barter, give away, or keep for such purposes any of the preparations enumerated until a permit so to do has been granted by the mayor and board of aldermen of the city within which the business is carried on.

It is readily seen that two distinct purposes are served by this statute, the first of which is supplementary to the general law on the possession of intoxicating liquors and the selling of same, while the second is to regulate the

keeping of such liquors whether they be sold as a beverage or for whatsoever purpose. It is under section 2 of the statute that the appellant was here tried and convicted.

There is ample proof in the record of each essential allegation in said affidavit. It was not necessary for the state to prove that the preparations were kept by the appellant for the purpose of being sold as a beverage, but it was only necessary that the state prove: (1) That the preparations were of the kind and character condemned by the act and that they were kept for sale; and (2) that a permit so to keep the same for sale had not been obtained from the proper authorities.

The judgment should be affirmed.

*Z. A. Brantley* and *Thos. G. Hopkins,* in reply, for appellant.

It was not the purpose of the appellant to sell the extract in question even for cooking purposes without obtaining a permit. The proof further shows that the two cases of extract in question had not been opened but had been stored in the closet of the appellant's hotel awaiting the action of the mayor and board of aldermen with reference to the permit.

Appellant had a right to expect a permit at the hands of the mayor and board of aldermen, and his testimony stands uncontradicted and we submit that every act of the appellant and every move made by him in reference to his grocery business represents a law-abiding citizen and a merchant who desired to comply with the requirements of the law.

Argued orally by *E. M. Livingstone,* for the appellant, and *Rufus Creekmore,* for the state.

COOK, J., delivered the opinion of the court.

The appellant, J. R. Cutts, was convicted in the circuit court of Winston county on a charge of unlawfully having in his possession intoxicating liquors, and was sentenced to pay a fine of one hundred dollars and to serve a sentence of six months in the county jail, three months of the jail sentence being suspended during good behavior, and from this conviction and sentence he prosecuted this appeal.

The facts upon which this conviction is based are substantially as follows: The appellant is a merchant and hotel keeper in the town of Louisville, Miss., and lived with his family in the hotel. On November 6, 1926, under the authority of a search warrant, certain officers searched the hotel and premises of the appellant, and found in a closet of the hotel two unbroken or unopened boxes of an alcoholic preparation labeled "allspice," each box containing one hundred forty-four two-ounce bottles. Some time prior to the time this search was made, the appellant had filed his application with the mayor and board of aldermen of the town of Louisville for a permit to handle certain alcoholic preparations, in accordance with the provisions of chapter 201, Laws of 1926. On cross-examination the appellant testified that he purchased this allspice for the purpose of selling it as a flavoring extract, but, when his entire testimony is considered together, it is to the effect that he intended to sell it only after a permit so to do had been obtained from the mayor and board of aldermen of the town.

Section 1, chapter 201, Laws of 1926, provides that it shall be unlawful for any person to sell, barter, give away, or keep for such purposes any sweet spirits of nitre, liquid ginger preparation, elixir of orange peel, pear extract, or any like drug, compound, bitters, elixir, or preparation of any kind whatsoever, which, when drunk to excess, in the form sold, will produce intoxication, except when the same is kept, sold, bartered, or given away for either medicinal or household purposes,

or for uses in cooking, baking, and purposes incidental to the treatment of disease.

Section 2 of the said chapter 201, among other things, provides that no person, except traveling salesmen, engaged in selling exclusively to wholesale and retail merchants, shall sell, barter, or give away, or keep for such purposes, any of the preparations or extracts named in section 1 of the act, until a permit so to do shall be granted by the governing authorities of the municipality within which the business is or may be proposed to be carried on, or by the board of supervisors of the county if the business is to be carried on outside the corporate limits of a municipality.

It will be noted that neither by section 1 nor section 2 of this act is the mere keeping of the named preparations and extracts made unlawful, but it is only the keeping of such preparations for sale, barter, or to be given away, that is prohibited by this statute, and they may be kept for sale, barter, or to be given away for medicinal or household purposes, provided a permit so to do is obtained from the proper authorities. Consequently, under the statute it is not unlawful to possess these named preparations if there is no intention or purpose of selling, bartering, or giving away the same for any purpose, unless and until a permit so to do has been secured from the proper authorities. In the case at bar the state had the burden of proving that the allspice was possessed by the appellant for the purpose of being sold, bartered, or given away in violation of the provisions of this statute, and we are of the opinion that the testimony is not sufficient to meet this burden, and that the peremptory instruction requested by the appellant should have been granted.

The judgment of the court below will therefore be reversed, and judgment entered here for appellant.

Reversed, and judgment for appellant.

*Reversed.*