BOWMAN *v.* STATE.*

(Division B. Dec. 3, 1928.)

[119 So. 176. No. 27354.]

*Corpus Juris-Cyc References: Criminal Law, 17CJ, section 3664, p. 324, n. 62; Intoxicating Liquors, 33CJ, section 545, p. 789, n. 4.

*Mize & Dudley,* for appellant.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was convicted in the court of a justice of the peace of Scott county of unlawfully possessing intoxicating liquor. He appealed to the circuit court of that county, where he was tried and again convicted, and sentenced to pay a fine of two hundred and fifty dollars and thirty days' imprisonment. From that judgment he prosecutes this appeal.

The intoxicating liquor which appellant was convicted of possessing was labeled:

"Imitation of essence of allspice; alcohol eighty-five per cent volume, suitable flavoring for pumpkin pies, spice cakes and candies."

Appellant, at the time of the alleged crime, was a merchant in Morton. He conducted a grocery and dry goods store, and, in connection therewith, a filling station. A shipment of the liquid which the state undertook to show by the evidence, and did show, was labeled as above set out, was consigned to appellant at Morton, a railroad station. Appellant went to the railroad station in his automobile to get the shipment, paid the freight or express charges on it, and put it in his car. It consisted of one hundred and forty-four bottles. As soon as it was put in the car, a constable of the county and the marshal of the town of Morton seized the package, arrested appellant, took him before the mayor of Morton, and preferred a charge against him of unlawfully possessing intoxicating liquor. The charge before the mayor was that this case of one hundred and forty-four bottles contained intoxicating liquor. Appellant pleaded guilty to the charge, and was fined, and paid the fine. Thereupon, one

of the officers preferred the same charge against appellant, based on the same facts, before a justice of the peace of the county, who tried appellant, convicted him, and from that judgment the latter appealed to the circuit court, where appellant was tried and again convicted, and appealed to this court.

The evidence showed without conflict that the liquid contained in the one hundred and forty-four bottles labeled "Imitation of essence of allspice" were intoxicating when drunk to excess. The evidence showed further, without dispute, that the officers found in and around appellant's place of business large quantities of empty bottles, with the same label as the bottles seized by them on this occasion; that there was probably a sugar barrel full of them, or more.

Appellant testified as a witness in his own behalf. He admitted the facts above set out, and undertook to justify the possession of the case of bottles labeled, "Imitation of essence of allspice," by stating that he sold it, not as a beverage, but for kitchen flavoring purposes.

The search of appellant's car, the seizure of the case of bottles therein, and the search of his premises by the officers, showing the large quantity of empty bottles of a like kind to those seized, was done without a search warrant. Appellant objected to this evidence acquired by virtue of such search and seizure.

Appellant's objection was without merit, for appellant testified as a witness in his own behalf, and admitted every fact of which the officers learned by their search and seizure, and testified to as witnesses. A defendant is not injured by evidence procured against him by an unlawful search and seizure, where he goes upon the witness stand in his own behalf and admits the facts revealed by such evidence. He is not harmed by such evidence, and therefore has no right to complain. In so voluntarily testifying, he waives the illegality of the search

and seizure. *Blowe* v. *State*, 130 Miss. 112, 93 So. 557, 24 A. L. R. 1429.

Appellant contends that he was entitled to a directed verdict under the authority of *Billington* v. *State*, 140 Miss. 179, 105 So. 457; *Young* v. *State*, 137 Miss. 188, 102 So. 161, 36 A. L. R. 717; *Brown* v. *State*, 142 Miss. 104, 107 So. 381; *Cutts* v. *State*, 148 Miss. 593, 114 So. 389.

On the evidence this is a very different case from any of those cited above. We have here, in addition to large quantities of empty bottles found around appellant's place of business, with the same labels as those seized in this case, the undisputed fact that the liquid seized contained eighty-five per cent. of alcohol, and, when drunk to excess, would intoxicate; and that appellant had pleaded guilty to the same charge in the court of the mayor of Morton, and that the foundation of that charge was the possession of the same bottles of liquid which is the foundation of the charge in the present case. We think the evidence was ample to go to the jury on the question of whether or not appellant possessed this "imitation of essence of allspice" for the purpose, in good faith, of selling it for household purposes, or for human beverage.

We see no merit in the other contentions of appellant.

*Affirmed.*