## MCSWAIN *v.* STATE.

(Division A. November 10, 1930.)

[130 So. 696. No. 28763.]

**J. A. McFarland,** of Bay Springs, for appellant.

644

**Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant, D. T. McSwain, was indicted and convicted on a charge of unlawfully having in his possession intoxicating liquor, and was sentenced to pay a fine of two hundred fifty dollars and to serve a term of thirty days in jail; and from this conviction and sentence he prosecuted this appeal.

The evidence upon which the conviction is based was obtained by a search of a building in which the appellant conducted a general mercantile business, the search being made under a search warrant dated and issued on September 19, 1929, and returnable on September 14, 1929. In the case of Buckley v. State, 150 Miss. 808, 117 So. 115, it was held that a search warrant made returnable to a past date is void, and that evidence procured by virtue of such a warrant was incompetent and inadmissible. Counsel for the state admits that the evidence offered by the state, and admitted over the objections of appellant, was incompetent; but he seeks to uphold the conviction on the ground that the appellant, while testifying as a witness in his own behalf, admitted the possession of certain lemon extract which contained suf-

ficient alcohol to render it intoxicating, and admitted that he had sold lemon extract to his customers for cooking purposes without a license so to do.

Section 2021 of the Code of 1930 provides, among other things, that it shall be unlawful for any person to sell, barter, or give away, or keep for such purposes, any sweet spirits of nitre, liquid ginger preparation, elixir of orange peel, pear extract, or any like drug, compound, bitters, elixir, or preparation of any kind whatsoever, which, when drunk to excess in the form sold, will produce intoxication, except when same is kept, sold, bartered, or given away for either medicinal or household purposes, or for uses in cooking, baking, and purposes incidental to the treatment of disease; while section 2022 of the Code of 1930 provides, among other things, that no person, except traveling salesmen engaged in selling exclusively to wholesale and retail merchants, shall sell, barter, or give away, or keep for such purposes, any of the preparations, compounds, or extracts mentioned in said section 2021 unless a permit so to do has been obtained from the authorities therein named.

Counsel for the state contends that since the appellant admitted the possession and sale of lemon extract without a permit so to do, the conviction may be upheld under the provisions of the above-mentioned statutes, making such possession and sale unlawful. For the purpose of this decision, it may be conceded that this contention of counsel would be correct if the appellant had been charged with a violation of this statute; but the affidavit upon which the conviction rests merely charges a violation of the general statute, section 2 of chapter 189, Laws of 1918 making it unlawful to have, control or possess in this state any spirituous, vinous, malted, fermented or other intoxicating liquors of any kind whether intended for personal use, or otherwise; and the penalty inflicted upon appellant after the conviction was manifestly imposed under this general statute, as it is in

excess of the maximum allowed under the statute making unlawful the possession and sale of extracts without a permit so to do.

In the cases of Davison v. Town of Newton, 137 Miss. 188, 102 So. 161, 36 A. L. R. 717, and Billington v. State, 140 Miss. 179, 105 So. 457, it was held that section 2 of chapter 189 of the Laws of 1918, which forbids the possession of intoxicating liquors, does not forbid the mere possession of proprietary medicines, extracts, and similar preparations, and that a prosecution for the sale of such preparations could only be maintained under this statute upon proof that they were sold as a beverage, or with knowledge that they were to be used as a beverage. Thereafter the Act of 1926, chapter 201, was enacted, making it unlawful to sell or keep for purposes of sale any such preparations, unless a permit so to do has been obtained from the proper authorities; but the affidavit upon which this prosecution is based is not drawn under, and in compliance with, the terms and provisions of this statute, and consequently the conviction cannot be upheld thereunder. The proof offered by the state, and admitted over the objections of the appellant, was incompetent, and the motion to exclude the same should have been sustained. The admissions of the appellant were insufficient to sustain a verdict of guilty of a violation of the said section 2 of chapter 189 of the Laws of 1918 under which the affidavit was drawn and the prosecution conducted, and therefore the peremptory instruction requested by the appellant should have been granted. The judgment of the court below will therefore be reversed, and the appellant discharged.

Reversed, and judgment for appellant.