JOHNSON *v.* STATE.

(Division B. Dec. 1, 1930.)

[131 So. 108. No. 28764.]

**H. L. Finch**, of Laurel, for appellant.

614

**Edwin R. Holmes, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The affidavit in this case charges that the appellant, Odis Johnson, on the 27th day of November, 1929, in district No. 4 of Jasper county, did unlawfully and willfully have in his possession intoxicating liquors, to-wit, supreme brand fluid extract of ginger, which was

then and there had and possessed for beverage purposes. The appellant was tried and convicted in a justice of the peace court, appealed to the circuit court where he was tried anew, and was convicted and sentenced to pay a fine of two hundred fifty dollars and spend fifteen days in the county jail, from which judgment he appeals here.

The testimony for the state was that Johnson was at a schoolhouse witnessing a game, and that a small bottle of Jamaica ginger fell out of his pocket, and that a bystander, who appeared to have been with Johnson, picked up the bottle, ran to the automobile, and broke the bottle on the wheel. A deputy sheriff was present and arrested the defendant claiming that he made the arrest because the defendant (appellant here) was intoxicated in a public place, etc., and that he searched the appellant and found another bottle of Jamaica ginger upon the appellant's person.

There was testimony to the effect that the appellant was in an intoxicated condition which the appellant denied.

The appellant testified that he was afflicted with indigestion and had a bad leg, and that a physician had prescribed Jamaica ginger for him, and that he was using it for said purposes, and that it relieved pain.

There was no dispute as to the fact that a physician had prescribed it for the appellant, but another physician testified that Jamaica ginger was not good for the ailments claimed by the appellant, and that he would not prescribe Jamaica ginger for such conditions.

It will be noted from the affidavit that the alleged offense was committed prior to 1930. Prior to 1930 it was not a criminal offense to possess Jamaica ginger and like preparations intended to be used as medicines. Davison v. Newton (Young v. State), 137 Miss. 188, 102 So. 161, 36 A. L. R. 717, in which case the authorities upon the subject were fully and carefully reviewed, and in which the court held that the mere possession of Jamaica

ginger did not come within the provisions of chapter 189, Laws of 1918, the statute in force at the time the prosecution in this case originated. At the 1930 session of the legislature a statute was enacted which made the possession of Jamaica ginger and other like preparations an offense. Chapter 39, Laws of 1930, section 2024, Code of 1930. The Davison case has been frequently followed. A case directly in point is Billington v. State, 140 Miss. 179, 105 So. 457.

It being no offense against the law at the time the transaction took place, the conviction in this case must be reversed, and the appellant discharged.

Reversed and the appellant discharged.