PATTERSON, Justice.
Vernell Daniels was convicted in the Circuit Court of Marion County upon a charge of manslaughter arising from an automobile collision in which James Mc-Klemury lost his life. Daniels was sentenced to a term of fifteen years in the state penitentiary and from his conviction and sentence now appeals.
He assigns as error:
1. The state failed to meet its burden of proof;
2. The introduction of an oral statement of the appellant was erroneously permitted into evidence;
3. Instruction No. 3 for the state was improperly granted; and
4. The evidence failed to support the verdict of the jury.
On October 7, 1973, a two-car collision occurred on Highway 98 just west of the village of Kokomo in Marion County. One of the vehicles was driven by Vernell Daniels and the other by Mrs. Geneva McKlemury. The McKlemury vehicle at the time was occupied by the driver, her husband, who was killed, and her grandchildren. The appellant was the sole occupant of his vehicle.
Just prior to the collision Carl Voss and his wife were driving in a westerly direction along Highway 98 when he overtook the McKlemury vehicle and passed it. Immediately after passing, Voss observed the appellant’s automobile approaching from an easterly direction near the center of the paved road. As the vehicle approached more closely, it crossed, according to Voss, into his lane of traffic, forcing him completely off the highway. Before he could get his vehicle back on to the roadway, he heard a crash behind him and observed that there had been an accident on his side of the road.
Leaving his family at a nearby store with instructions to call the authorities, Voss returned to the crash site. He helped five people from the McKlemury vehicle and then discovered the appellant lying unconscious off the highway. He further testified that he did not observe anyone behind the steering wheel of the car which had forced him off the road and thought it was a “runaway.”
Thereafter, a highway patrolman arrived to investigate the accident. He testified that in assisting the appellant to a stretcher he smelled alcohol on his breath. An ambulance attendant and another witness also detected the odor of alcohol on the appellant prior to his being removed from the crash site. Several weeks later the appellant admitted to the patrolman that he had consumed two or three beers several hours before the collision.
Mrs. McKlemury testified that she observed the Voss vehicle leave the road after it had passed her and immediately thereafter saw the appellant’s vehicle approaching at a high rate of speed in her lane of traffic. She testified there was no way she could avoid the collision and “it looked like an empty car to me.”
*708 The appellant’s version of the collision was that the McKlemury car crossed the center line into his lane of traffic and that he tried to move his vehicle to the left to avoid the accident, but was unable to do so. He admitted that he had two beers sometime before the accident, but testified this did not affect his driving ability. He further stated that he was driving in a normal manner and was not slumped over the wheel of his vehicle and that he could have been observed by other motorists.
All of the testimony, as well as the photographic exhibits, indicate that the collision occurred during daylight hours, with visibility unobscured by either the weather or by curvature of the road.
In considering the first contention, we note there was an eyewitness (Voss) to the facts immediately prior to the crash and an eyewitness (Mrs. McKlemury) to the crash itself. Their testimony was sufficient to establish an issue of culpable negligence for consideration by a jury. In Cochran v. State, 278 So.2d 451 (Miss.1973), we stated:
The rule in regard to a peremptory instruction is the same in criminal and civil cases, the rule being that when all the evidence on behalf of the State is taken as true, together with all sound or reasonable inferences that may be drawn therefrom, if there is enough to support a verdict of conviction, the peremptory instruction must be denied. Stringer v. State, 279 So.2d 156 (Miss.) (decision rendered May 28, 1973), McLendon v. State, 187 Miss. 247, 191 So. 821 (1939). 278 So.2d at 453.
Moreover, the defendant by the introduction of testimony in his behalf is precluded from raising on appeal the motion for a directed verdict. The question of whether or not the defendant was entitled to the requested peremptory instruction is to be determined on the testimony at the conclusion of all of the evidence offered both by the state and the defendant. Hankins v. State, 288 So.2d 866 (Miss.1974); and Kearney v. State, 224 Miss. 1, 79 So.2d 468 (1955).
The appellant next contends that the trial court erred in permitting a highway patrolman to testify concerning statements made to him by the appellant subsequent to the accident. A motion for disclosure of witnesses and copies of all documents or other written evidence proposed to be used by the state in its evidence was properly made and was sustained by the court. There is nothing to indicate that the names of the state’s witnesses were not disclosed or that written documents were withheld. The contention, as we understand it, is that the testimony of the highway patrolman included an admission by Daniels that he had consumed two beers several hours prior to the accident. The appellant testified in his own behalf and stated that he had consumed two cans of beer sometime prior to the accident.
No contention is made that the testimony of the patrolman motivated the appellant to take the stand in his defense. Under these circumstances we discern no prejudice that resulted from the highway patrolman’s testimony since it was corroborated by the appellant. Gann v. State, 234 So.2d 627 (Miss.1970); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930); and Bowman v. State, 152 Miss. 195, 119 So. 176 (1928). Cf. Keys v. State, 283 So.2d 919 (Miss. 1973).
The state’s instruction No. 3 is lengthy and somewhat inarticulately drawn. The objection voiced by the appellant to it is that it contains a comment by the court upon the evidence and there was no evidence from which the jury could determine that the appellant was intoxicated at the time of the collision. We note that each premise of the instruction is prefaced by the words “if you believe from the evidence,” positively refuting the contention that the trial court by granting the instruction commented upon the evidence.
The other objection to the instruction is without merit, in our opinion, inas *709 much as there was evidence from several witnesses that they detected the odor of alcohol on Daniels’ breath after the accident. This testimony, when related to the direct evidence of Daniels’ bizarre driving immediately prior to the collision, was a factor, a probability of intoxication, for the jury to consider, with all other evidence, in determining whether the negligence of the appellant was culpable or nonculpable. We are of the opinion the instruction was properly granted and led to no prejudice to the appellant.
Finally, it is argued that the verdict of the jury is against the overwhelming weight of the evidence. The facts related above are sufficient, in our opinion, to support the jury’s finding that the appellant was guilty of culpable negligence. The cause is therefore affirmed.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and INZER, ROBERTSON, SUGG and WALKER, JJ., concur.