## WILLIAMSON v. STATE.*

(Division B.   Oct.  5,  1925.)

[105 So. 479.   No. 25157.]

1. ARREST. *Person replying to question, before arrest or search, that kegs in automobile contained whisky, may be arrested without warrant; officer arresting automobilist, who replied, before arrest or search, that he had whisky in kegs in automobile, may seize intoxicating liquor without warrant.*

 Where a sheriff, having probable cause to believe that an automobile is transporting intoxicating liquor in violation of law, places himself and his car upon the highway in such manner as to cause persons traveling same to slow down, and uses a flash light at night for the purpose of giving warning of the location of his car, and another person in an automobile traveling the highway is caused to slow down, and has kegs of liquor on the seat of such automobile, and when asked, before arrest or search, what is in the kegs, and replies, "Whisky," the sheriff is authorized to arrest without a warrant, and may seize the intoxicating liquor without a warrant.

2. CRIMINAL LAW. *Officer, arresting one for violation of prohibition laws without warrant, held competent witness; liquor seized by officer without warrant, on admission of accused that he had liquor, may be introduced in evidence.*

 In such case the officer may testify against the person accused of violating the law as to such charge, and the liquor seized may be introduced in evidence. *Moore* v. *State* (Miss.), 103 So. 487, cited.

---

*Headnotes 1.   Arrest, 5 C. J., Section 31; Intoxicating Liquors, 33 C. J., Section 377; 2. Intoxicating Liquors, 33 C. J., Section 503 (Anno).

APPEAL from circuit court of Jones county, First District.

HON. W. L. CRANFORD, Judge.

Cooper Williamson was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

*F. H. Bush,* for appellant.

Allan Boutwell, deputy sheriff, testified that they had information that a car was coming from another county with whiskey. The witness testified that they had not suspected these people when they flagged them down, but that the car they went to look for was just behind this car. They had no search warrant, and the witness testified that he did not know of his own knowledge that Williamson was transporting liquor.

The sheriff testified that he just went down there to see if he could catch somebody bringing in whiskey. The appellant testified that he did not transport liquor over the public roads of Jones county, Mississippi; that he was only a guest of Roberts, coming to Laurel, that he had no connection with the liquor controversy, and that Roberts pled guilty of the crime charged.

The peremptory instruction offered by the appellant at the close of the state's testimony, ought to have been given, and the defendant discharged.

*F. S. Harmon,* assistant attorney-general, for the state.

The evidence of the officers was properly admitted and section 23 of the Constitution was not violated. The sheriff and his deputies had parked their car at this bridge on a lawful mission; that is, to stop a car which they had probable cause to believe was advancing over this road and contained intoxicating liquor. The car about which they had information did come to this bridge and the sheriff and his deputies did find the liquor, but before its arrival the car in which this appellant was riding approached, and in order to keep it from running into the sheriff's car, the sheriff waived his flashlight to stop it, and told his deputy to run his car out of the way. The sheriff kept one man at the wheel to do this and had let a great number of cars by, unmolested, and expected to let this car by unmolested, but as he flashed his light he saw one man jump from the car and run into the woods, and as the car approached and stopped he saw

the kegs of liquor on the back seat, asked the appellant and his nephew what was in the kegs and they admitted it was whiskey, and it was then, and not until then, that the sheriff and his deputies arrested them.

The sheriff was, therefore, at all times acting proper·· ly, and made no search of this car, and did not seize same until after the statement of the appellant that they had whiskey in these kegs, whereupon they were arrested, were searched for arms, and the car taken into custody.

This case comes within the rule laid down in *Red King and Poodle While* v. *State,* 102 So. 840, and is also quite similar to *Joe Easterling* v. *State,* 104 So. 475, affirmed *per curiam,* June 1, 1925. The affirmance of this case definitely established the proposition that simply flagging a car down on a public highway is neither a search nor a seizure, and if the appellant admits that he has liquor in possession, or if the liquor itself is actually seen before the officer lays hands on the car, or its occupants, section 23 is in no wise violated. See also *Emma Weathersby* v. *State,* 104 So. 475, affirmed *per curiam,* June 1, 1925, which is quite similar on its facts, and *Chester Douglas* v. *State,* 104 So. 360, affirmed *per curiam,* June 1, 1925.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was tried and convicted of transporting intoxicating liquors on the highway in district No. 4 for the election of justices of the peace of Jones county, Miss., convicted, sentenced to pay a fine, and committed to jail for a term, from which judgment he appealed to the circuit court, where he was again tried and convicted, sentenced to pay a fine of five hundred dollars, and sentenced to thirty days in the county jail. The jail sentence and one hundred fifty dollars of the fine were suspended by the court during good behavior, on the payment of the balance of the fine and costs. From such judgment he appealed here.

It appears from the testimony that the sheriff of Jones county, with four deputies, having information that another car and another party were bringing liquor into the county in violation of law, went to a bridge near Ovett, Miss., and stopped their car, and stationed themselves at the end of the bridge in such manner that travelers in automobiles would have to slow down to pass their car. As each car approached, the sheriff, with a flash light, it being night, would flash his light to prevent them from running into his car, and so as to cause them to slow down. Several cars seem to have passed in this manner without being molested, other than to cause them to slow down, so that the drivers in the cars could be seen. The appellant and a near relative were driving the car in question, sitting on the front seat, with two kegs and a bottle of whisky on the rear seat. As they approached the bridge and were signaled, one person appears to have deserted the car and to have escaped. The deputies, or some one, asked the parties in the car what was in the kegs, and were told that it was whisky, whereupon the sheriff arrested the appellant and Roberts, and seized the whisky. It also appears that the car they were expecting was close behind the one involved here, and that said car also contained whisky. The appellant and Roberts were prosecuted before a justice of the peace, and Roberts pleaded guilty. It further appeared that the appellant admitted that he was present when the whisky was loaded into the car; that it was loaded into the car about nineteen miles this side of Mobile, Ala.; but he contended that he was a mere guest. It further appeared that Roberts stated, at the time he was arrested, that he picked appellant up and was barely acquainted with him. The evidence disclosed that Roberts and the appellant were related as uncle and nephew. They further stated that they lived in Covington county, Miss., and were going there when arrested.

It is contended by the appellant that they were entitled to an acquittal because the proof does not show that Wil-

liamson had anything to do with the transportation or possession of the whisky, and also that the evidence as to the whisky seized and as to the sheriff and his deputies was inadmissible, because neither a warrant for a search or for arrest had been issued to the officer, and that the officers did not have probable cause to suspect that appellant and Roberts were transporting and possessing intoxicating liquors contrary to law.    This contention cannot be sustained on this evidence, because before any arrest or search was made the occupants of the car were asked what was in the kegs, and voluntarily replied that it was whisky.    The sheriff and his deputies were on a lawful mission, under the decision of this court in *Moore* v. *State* (Miss.), 103 So. 487.    Under the facts detailed in this record, nothing was done to coerce either Williamson or Roberts into making any statement.    They made the statement of their own accord and without compulsion, and before either an arrest or a search had been made.    It was no violation of the law for the officers to ask the question, or to look at the kegs in the car seat.

It is contended that the venue was not sufficiently proven, but, when all of the facts in the record are taken together, we think the venue was fully proven.    The judgment will therefore be affirmed.

*Affirmed.*