St. Louis & S. F. Ry. Co. *v.* Nixon & Phillips.[*]

[105 So. 478. No. 25032.]

. (Division B.   Oct. 5, 1925.)

1. APPEAL AND ERROR. *In determining whether verdict should have been directed by trial court, every material fact which evidence tends to show in favor of party against whom verdict is asked should be taken as established.*

   In determining whether a verdict should have been directed by a trial court in any given case, every material fact which the evidence tends to show in favor of the party against whom such verdict is asked should be taken as established.

2. RAILROADS. *Liability for killing mules held for jury.*

   The evidence examined, and found sufficient to go to the jury on the question of the liability of the defendant.

[*]Headnotes 1. Appeal and Error, 4 C. J., Section 2709; 2. Railroads, 33 Cyc., p. 1304.

APPEAL from circuit court of Union county.
HON. THOS. E. PEGRAM, Judge.

Action by Nixon & Phillips against the St. Louis & San Francisco Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

*B. N. Knox,* for appellant.

The plaintiff established a *prima-facie* case when proof was introduced showing that the mules were found

on the track of the defendant, and that they were killed by the train of defendant. This, unexplained, would have entitled the plaintiff to a judgment, but when the defendant introduced proof, explaining the circumstances and facts of the injury—the manner in which it was inflicted—and showed by uncontradicted proof that the employees of the defendant exercised every reasonable care to prevent same, after seeing the mules in danger, the court should have sustained the motion of defendant to direct the jury to find for the defendant, it not being contradicted by the plaintiff that the employees of the defendant exercised every reasonable care to prevent the injury, then there was nothing for the court to submit to a jury. *Miss. Central* v. *Miller,* 40 Miss. 45; *Field case,* 46 Miss. 573; *Jones case,* 59 Miss. 465; *Wright case,* 78 Miss. 125; *Deaton case,* 9 So. 828.

If the proof showed, which it does not, that the engineer failed to exercise reasonable care after seeing the mules on the track, or if this was a controverted point, then it would have been a matter for the determination of the jury as to whether or not there was any negligence attributed to the employees of the defendant. *Stacy case,* 35 So. 137; *Bourgeois case,* 66 Miss. 3, 5 So. 629.

The statute does not place upon the company the burden of proving freedom from negligence, but only showing the circumstances under which the injury occurred, and, when this is done the presumption ceases and negligence is to be determined from the circumstances as in any other case. *Thornhill case,* 106 Miss. 387; *Billingsley case,* 100 Miss. 612.

Where the *prima-facie* case has been met, a peremptory instruction is properly given. *McCoy case,* 105 Miss. 737; *Bedford case,* 65 Miss. 385. Proof of the circumstances surrounding the injury, removes all ground for resorting to legal presumptions. *Owen case,* 77 Miss. 142.

The *prima-facie* case of plaintiff was met and fully explained, exonerating the defendant from all blame; this

was uncontradicted and is unchallenged by the proof for the appellee. I respectfully submit that the court should have directed the verdict for defendant, and that this court should reverse this case and dismiss same.

*Stephens & Stephens,* for appellees.

Briefly summing up the case, we find from the testimony that five mules were killed by the train; that they were killed North of the Pickens Crossing, about two hundred yards from it; that the engineer could have seen them from that distance, and even farther if he had been looking; that he was running through the corporate limits of New Albany at a rate of twenty-five miles per hour; that instead of keeping a lookout up the track he was leaning out the window of his cab, looking out over the country and away from the track; that the fireman was on the engineer's side of the engine and was looking in the same direction; and that the engineer made no effort to check the engine or give any warning of his approach until he was within sixty feet of the mules.

In view of these facts, we insist that the case should be affirmed.

Argued orally by *H. D. Stephens,* for appellee.

Anderson, J., delivered the opinion of the court.

The appellees, Nixon & Phillips, brought this action in the circuit court of Union county against appellant, St. Louis & San Francisco Railway Company, for damages for the alleged wrongful killing by appellant of five mules belonging to appellees by means of being struck by a locomotive pulling one of appellant's freight trains going north between New Albany and Memphis, and recovered a judgment for nine hundred dollars, from which appellant prosecutes this appeal.

The only question argued by the parties is whether or not the court erred in refusing appellant's request to

direct a verdict in its favor. In determining whether
a verdict should have been directed by a trial court in any
given case, every material fact which the evidence tends
to show in favor of the party against whom such a verdict
is asked should be taken as established. This court has
repeatedly held that that was the governing principle.
Applied to this case the question is whether, taking as
true every material fact which the evidence tends to
establish in favor of appellee, there was sufficient evidence
to go to the jury on the issue of liability?

Appellees were road contractors. They had a road
construction camp near appellant's railroad track, about
one mile north of New Albany. As a part of their road
construction equipment there were a considerable num-
ber of mules. One of appellant's freight trains, going
north about one o'clock at night, ran into several of
appellee's mules, which had gotten out of their inclosure,
killing five of them. The train was running about twenty-
five miles an hour. The mules, when killed, were in a curve
on the railroad track and in a cut. The evidence showed
without conflict that at that place, considering the grade
of the appellant's track, the train killing the mules, going
at the speed it was, could not have been stopped under a
distance of five hundred feet. Appellant's engineer, op-
erating the engine pulling the train, testified that he was
on the lookout up the track and when the mules first ap-
peared in sight they were only about sixty feet ahead of
the engine. On the other hand, appellees' testimony tend-
ed to show that, if appellant's engineer was on the look-
out, as he testified he was, he could have seen the mules
ahead for six hundred feet or more.

At the time the mules were killed, some of appellees'
employees were out with lanterns trying to corral them
and drive them back into their inclosure. At least one of
them saw, as best could be seen in the nighttime, the col-
lision and the killing of the mules. He was standing at a
crossing, which the evidence shows was something like six

hundred feet south of the place where the mules were struck. Two witnesses went in the daytime and examined the track from the point where the mules were struck back south for some distance: Their testimony tended to show that, even at night, appellant's engineer, if on the lookout, could have seen the mules, located where they were when killed, for a distance of five hundred and fifty feet or more. The evidence for appellee, although not strong, we think, was sufficient to go to the jury. It was a case where the engineer was on the lookout along the track ahead. He testified that it was impossible to stop when the mules appeared on or near the track within the sweep of his vision. On the other hand, appellees' evidence tended to show that, if the engineer was on the lookout, he must have seen the mules at a distance before he struck them of from five hundred and fifty to six hundred feet or more.

*Affirmed.*