Daniels *v.* City of Gulfport.*

(Division B. May 16, 1927.)

[112 So. 686. No. 26414.]

CRIMINAL LAW. *Throwing flash light on person on street held not unlawful search, rendering incompetent evidence thus secured.*

For officers to throw on a person walking on the street a flash light to see who she was did not amount to an unlawful search, rendering incompetent the evidence, thus secured, that she was unlawfully carrying a pistol partly concealed, in violation of Code 1906, section 1003 (Hemingway's Code, section 829).

*Corpus Juris-Cyc References: Arrest, 5CJ, p. 402, n. 93; p. 416, n. 89; Criminal Law, 16CJ, p. 571, n. 93; Weapons, 40Cyc, p. 863, n. 89.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Alma Daniels was convicted of carrying a pistol concealed, and she appeals. Affirmed.

*Mize & Mize,* for appellant.

Did the act of the policeman in stopping the appellant when she had committed no crime in his presence and for whom he had no warrant, and flashing his light on her, without which he could not have detected any crime, constitute an unreasonable and unlawful search of her person? We contend that it did. *Iupe* v. *State,* 105 So. 521; *Nat'l Refining Co.* v. *Batte,* 100 So. 388.

The facts demonstrate that the officer trespassed on the appellant's rights when he threw the flashlight on her. It was so dark that he could not see the pistol just with his eyes and he could see nothing about the outline

of it, and there was no necessity of his flashing his light to get the information he wanted.

This court held in *Comby* v. *State,* 106 So. 827, that the search of a person was unlawful unless the person had been lawfully arrested prior thereto. See, also, *Duckworth* v. *Town of Taylorsville,* 107 So. 666; *Orick* v. *State,* 105 So. 465.

The flashing of a search-light on a person, thereby enabling an officer to detect a crime, when he had no right at the time to arrest the person and no warrant for her arrest, is an unlawful search of her person; hence, this case should be reversed.

*Reporter's Note:* No brief was filed for the city of Gulfport.

ANDERSON, J., delivered the opinion of the court.

Appellant was convicted in the circuit court of Harrison county of the crime, against appellee, the city of Gulfport, of carrying concealed a pistol, and was fined twenty-five dollars and costs. From that judgment appellant prosecutes this appeal.

Section 1103, Code of 1906 (section 829, Hemingway's Code) provides as follows:

"Any person who carries concealed, in whole or in part, any bowie knife, dirk knife, butcher knife, pistol, brass or metallic knuckles, slingshot, sword or other deadly weapon of like kind or description, shall be guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment in the county jail not more than three months, or both, in the discretion of the court."

That statute was, by the city of Gulfport, adopted as an ordinance, which ordinance was in force when appellant committed the act which appellee charged was a violation of such ordinance.

There was no conflict in the evidence as to the facts of the case. The only question is whether the proven facts were shown by competent evidence. Appellant contends that they were not, because the evidence against her was secured by the officers arresting her without either a search warrant or a warrant of arrest.

Two policemen of the city of Gulfport, on the night of September 10, 1926, heard gunshots, apparently within the corporate limits of the city, and proceeded to the place about where they thought the shooting had taken place. There they found appellant and another woman, in a public place, traveling a public thoroughfare of the city. One of the policemen asked what they knew about the shooting, and one of them replied that somebody shot. Thereupon one of the policemen threw his flash light on appellant and the other woman, which revealed the fact that appellant had a pistol under her arm, partly concealed. Thereupon the appellant was arrested and taken into custody. At the time the pistol was discovered in the possession of the appellant it was concealed in part, and the two policemen were a little distance from her. The policemen had neither a search warrant nor a warrant for the arrest of appellant, and they neither arrested, nor made any move to arrest, appellant until the pistol in her possession was revealed by the flash light.

It is argued, in behalf of appellant, that the flash light which revealed the concealed pistol, under the circumstances stated, amounted to unlawful search of appellant's person.

We do not think that position sound. As we view it, this is simply a case of a crime being committed in the presence of the arresting officer, which, under the law, authorized the arrest of the guilty party without either a search warrant or warrant of arrest. The throwing of the flash light on appellant and her companion to see who they were did not constitute a trespass upon their persons. The officers had the right to look and see, and, for that purpose, use an artificial light. That is all they

did. Thereby the crime was revealed to them, and thereupon they made the arrest. The eye can commit no trespass, under the law, although it may, according to good morals.

*Affirmed.*