ARNOLD *v.* STATE.*

(Division A. Feb. 11, 1929. Suggestion of Error Overruled March 11, 1929.)

[120 So. 731. No. 27723.]

---

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, section 376, p. 679, n. 54. As to sufficiency of showing of probable cause for search for intoxicating liquors, see annotation in 46 L. R. A. (N. S.) 970; 3 A. L. R. 1517; 13 A. L. R. 1318; 27 A. L. R. 742; 24 R. C. L. 707; 3 R. C. L. Supp. 1383; 4 R. C. L. Supp. 1552; 5 R. C. L. Supp. 1295; 6 R. C. L. Supp. 1434; 7 R. C. L. Supp. 821.

*W. I. Stone,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

McGowen, J. From a conviction and sentence upon a charge of having intoxicating liquors in his possession, the appellant, Arnold, prosecutes an appeal to this court from the judgment of the circuit court.

On March 24, 1928, the appellant and another man drove their automobile into the town of Independence or Bucksnort, parking in front of the post office. There. at the time the appellant and his companion drove up, were standing or sitting the town marshal and several others. The appellant, with his companion, stepped from the car and inquired of the marshal if Joe Graham was in town, and he replied that he thought he was in the post office. In his testimony, the marshal stated that he smelled whisky on the appellant's breath at the time he made inquiry of him; that while the occupants of the car were in the building, a man, one Burford, came along and said that there was a bottle of whisky in the back of appellant's car and asked him if he "did not want a drink;" that also one Dr. Thompson did likewise, and passed on; that a number of small boys pointed their fingers to the glass window in the back of the car; that one Mr. Scruggs walked up close to the rear of the car and saw the whisky, through the glass window, on the back seat next to the glass window, and said to him: "Ben, you've been hunting for whisky. Here it is now." That thereupon he opened the door of the car, and

reached in and took the bottle of whisky and satisfied himself that it was such; that shortly afterwards, when appellant came out of the post office building, he arrested him; and that appellant, upon being arrested, remarked that his companion had nothing to do with the whisky, but that it was in his possession and belonged to him alone.

Upon a preliminary investigation, the court held there was probable cause for the seizure of the whisky and the arrest of the defendant without a search warrant. The appellant rested upon the insufficiency of the evidence to establish probable cause for the search of the car.

The officer saw the bottle of whisky before he put his hand upon it or the car; and we think the officer had probable cause for taking the whisky into his possession under the circumstances detailed above. Had the officer failed to seize the whisky or arrest the appellant, he would have made himself the laughing stock of the community.

The appellant relied entirely upon the insufficiency of the above facts showing probable cause, to establish that the search was unlawful and the evidence secured thereby incompetent. He objected to the evidence, moved to exclude it, and asked for a peremptory instruction, all of which were refused by the court.

The cases of *Canteberry* v. *State,* 142 Miss. 462, 107 So. 672, and *State* v. *Messer,* 142 Miss. 882, 108 So. 145, cited by counsel, are not in point here. In the Messer case, the court had held upon the preliminary examination that the facts were not sufficient to create probable cause, but the facts here are not similar. The officer saw the whisky in the car, as did others, and smelled it on appellant's breath. Neither the eye nor nose of the officer committed trespass in this case. The officer is not required to know the truth of the charge when he undertakes to search without a warrant, but, in order to justify his action in

searching without a warrant, he must have good reason to believe, and believe, that the article sought is whisky in the car. Burford, Dr. Thompson, and the small boys believed that it was whisky; and the officer's belief was based upon what he saw and smelled. Under section 2, chapter 244, Laws 1924 (Hemingway's 1927 Code, section 2239), an officer is authorized to search a motor vehicle upon probable cause; and in the case of *Donovan Moore* v. *State,* 138 Miss. page 116, 103 So. 483, the rule was announced which controls in this case.

*Affirmed.*