GOODMAN v. STATE.

(Division A. Oct. 13, 1930. Suggestion of Error Overruled, November 10, 1930.)

[130 So. 285. No. 28925.]

B. B. Fraker, of Columbus, for appellant.

**Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of having intoxicating liquor in his possession. The evidence discloses that three police officers were traveling at night in an automobile and passed an automobile parked on the side of

the road in which were the appellant, Mason, and Aldridge, who were recognized by the officers. After passing the automobile, the officers turned their automobile around and started back toward the parked automobile, which immediately began to move forward; it being headed in the direction the officers were then traveling. Some one in the forward automobile then held a jug out of the automobile and poured liquor therefrom, which the officers recognized by its odor as being alcoholic. They then increased the speed of their automobile, passed the other, and caused it to stop. The testimony of one of the officers in this connection is as follows: "We turned around and came back and they were going away and we fell in behind their car and they began pouring the liquor out. That was when we proceeded to catch them and arrest them." The occupants of the car were then searched, and a bottle of intoxicating liquor was found in one of the pockets of the appellant.

The officers had no warrant for the search either of the automobile or of the persons occupying it, and an objection to the admission of their evidence on this ground was overruled. The officers further testified that they had been informed that Goodman, the appellant, was engaged in the sale of intoxicating liquor and used an automobile for the purpose of transporting it; that this was his general reputation; and that when they saw him and his companions in the parked automobile, they suspected that he then had intoxicating liquor in his possession, and for that reason turned their automobile around and approached that of the appellant.

All of the evidence hereinbefore set forth was admitted over the objection of the appellant, the ground of his objection being that it was obtained by means of an unlawful search. In support of this contention, the appellant says that the search of his automobile began when the officers turned their automobile around and proceeded toward his automobile, and that they were then without

probable cause to believe that he was in possession of intoxicating liquor. The evidence does not disclose that the officers intended to search the appellant's automobile when they turned around and approached it; but it is clear that they approached the automobile for the purpose of confirming or disproving their suspicion that the appellant had intoxicating liquor therein. When they saw intoxicating liquor being thrown out of the automobile, they then, of course, not only had good reason to believe that it was being transported in the automobile, but had actual knowledge thereof. It may be, as to which we now express no opinion, that the information possessed by the officers, that the appellant was engaged in the sale of intoxicating liquor and used an automobile in connection therewith, was not sufficient of itself alone to justify a search of his automobile. But it was sufficient to justify them in making such observation of the automobile as they were able to do without committing a trespass; and when they saw intoxicating liquor being thrown out of the car, they had committed no trespass, nor violated the appellant's right of privacy. The search of the person and property that is forbidden by section 23 of the constitution without a warrant or probable cause is such only as constitutes a trespass. Cornelius on Search and Seizure, 197 et seq. And any information obtained by means of the eye, where no trespass has been committed in aid thereof, is not unlawfully obtained. Daniels v. City of Gulfport, 146 Miss. 517, 112 So. 686.

In the case of Ford v. City of Jackson, 153 Miss. 616, 121 So. 278, the police officers had been informed that Ford was transporting intoxicating liquor in an automobile, on which information they pursued Ford's automobile for the purpose of searching it. Before the officers overtook Ford, he threw intoxicating liquor out of his automobile. The court held, for reasons that do not here apply, that the information on which the officers acted in pursuing Ford did not constitute probable

cause for believing that intoxicating liquor was being then transported in the automobile; that the search of the automobile began when the officers commenced to pursue it for the purpose of overtaking and searching it, and therefore the evidence thereafter obtained by them—that it contained intoxicating liquor—was incompetent. There the automobile was pursued for the admitted purpose of searching it, while here no such purpose was disclosed, and for aught that appears to the contrary no search would have been made had the officers not seen whisky being thrown out of the automobile.

The court below committed no error in admitting the evidence of the pouring of intoxicating liquor out of the automobile.

It is not clear from the evidence whether the person of the appellant was searched before or after his arrest; in fact, it is not clear from the evidence that he was then arrested at all. If he was not then under arrest, the officers had no right to search his person, and, the evidence thereby obtained was inadmissible; but any error that may have been committed in the admission of this evidence cannot be here complained of by the appellant, for he testified in his own behalf and admitted that he had the bottle of whisky then in his possession. Blowe v. State, 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429; State v. Watson, 133 Miss. 796, 98 So. 241; Bowman v. State, 152 Miss. 195, 119 So. 176.

The court below refused a request by the appellant to instruct the jury that "if they believe that the whisky found on the person of the defendant was in his possession for the purpose of taking a drink only, then they shall find the defendant not guilty."

No error was committed in refusing this instruction for two reasons: First, the jury might have convicted the appellant of having in possession the intoxicating liquor that was thrown out of the automobile, without reference to that which was found on his person; and, second, the

appellant's testimony as to his possession of this liquor was as follows: "We were sitting on the Waverly road there and we had stopped there in front of Tom Driver's house, and Aldridge had some whisky in the car. He handed me this bottle to take a drink as the officers passed. After they taken out after us I shoved this whisky in this coat pocket here. It was Aldridge's whisky." This evidence discloses that the appellant had abandoned his purpose of merely taking a drink and put the whisky in his pocket for the purpose of concealing it. His possession then became unlawful.

Affirmed.