GOODE v. STATE.

(Division B. Dec. 1, 1930.)

[131 So. 107. No. 29099.]

**J. S. McGuire**, of McComb, for appellant.

Edwin R. Holmes, Jr., Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

Jim Goode was convicted in the circuit court of Lawrence county of the offense of having intoxicating liquors in his possession, and was sentenced to pay a fine of five hundred dollars and serve ninety days in jail, from which conviction he appeals here.

It appears from the evidence that the sheriff of the county, having some information to the effect that the defendant was selling intoxicating liquors, took one of his deputies and went at night near the house of the defendant and stationed himself and the deputy on the edge of the public road near said house, and, while they were thus looking and listening, a third person came up to the defendant's house and called to the defendant, and the defendant came out, and the third party asked, "Have you got anything tonight?" and the defendant said, "Got a little but it's not at the house." The third party said, "You want me to go with you after it," and the defendant said, "Let me get my shoes and you go down to the forks of the road and wait for me." The defendant and the third party then proceeded from the house to the public road and up the public road to a place where a

settlement road left the public road. The third party stopped, and the defendant went on this settlement road somewhere, and presently returned with liquor. The sheriff and his deputy had followed the third party and the defendant up to this point, and had secreted themselves near where the third party was standing, and, when the defendant returned with the liquor, the sheriff threw his flashlight upon the defendant, and saw a bottle of liquor in his hands, and thereupon ordered him to throw up his hands, and he arrested him and searched him, and found three other bottles of liquor on his person.

The sheriff did not have either a search warrant or a warrant for the arrest of the parties, and, upon the examination, was pressed by the defendant's counsel as to whether or not he was upon the property of the defendant when he heard the conversation, and if he was not upon the property of the defendant at the time he made the arrest. The sheriff stated that to the best of his judgment he was upon the right of way of the public road, that he sat down upon the bank of a ditch in front of the defendant's house, and that his deputy was on the opposite bank across the road. The deputy corroborated the sheriff's statement in all particulars.

The defendant did not testify, but offered a witness, who was his daughter-in-law, who stated that she lived upon the defendant's premises about a quarter of a mile from the defendant's house, and that the settlement road mentioned led to her house from the public road, and testified that the road was upon defendant's premises, but was used by other people in traveling about through the settlement and going to church, etc. It also appears from her testimony that this road, at the point where it intersected the public road and where the arrest was made, was between the property of the defendant and another person. As to the use of the road shown by her evidence, the following is a part;

"Q. That road is used generally there in that community? A. Yes, sir.

"Q. How long has it been used generally in that community by the people? A. It's been there a long time.

"Q. It hasn't been there very long? A. Yes, sir; been there but I just lately built the house about two years ago.

"Q. The road wasn't there before you built the house? A. Yes, sir; the people go that way going to church.

"Q. Do the people generally go to church down that way? A. They don't often but they do."

She also testified that she first saw the liquor involved in the prosecution "on last Saturday was a week ago" (speaking with reference to the time of the trial), that the liquor was brought to the defendant some days before, or at least a package was brought to him, and that he hid it somewhere, and the liquor was not at her house.

The contention of the appellant is that the evidence against the defendant was unlawful, because the sheriff had neither a search warrant nor a warrant for the arrest of the defendant, and that he was a trespasser upon the premises of the defendant at the time he heard the conversation and at the time he made the arrest. There is no dispute of the sheriff's testimony that he was on the ditch bank of the public road, and that he thought he was on the right of way of the public road. It is true that a person has a right, under section 23 of the Constitution, to enjoy his premises free from trespassers, eavesdroppers, and "peeping toms," but this right does not prevent people or officers being in the public road or upon the right of way of the public road. It has been said that the eye cannot be a trespasser. Daniels v. Gulfport, 146 Miss. 517, 112 So. 686; Arnold v. State, 153 Miss. 299, 120 So. 731. So, also, the ear cannot be a trespasser, unless the person looking or listening is, at the time of the hearing or seeing, a trespasser,

We think the testimony showing that the road leading away from the public road, at the place where the arrest was made, was used generally by the public when occasion required, and had been so used for a long time, did not make a person going thereon a trespasser. Consequently, the sheriff and his deputy were not trespassers, and, as the sheriff did not make the arrest until after he had vision of the bottle of liquor, he was then authorized to arrest for an offense committed in his presence and, as a consequence, to search the defendant as a prisoner; therefore the evidence was not incompetent, and we find no error in the record warranting reversal of the case, except the penalty imposed is in excess of that authorized by chapter 189, Laws of 1918, the governing statute in this transaction. Under that statute the imprisonment is limited to thirty days, and consequently the ninety days imposed was in excess of the imprisonment authorized. The learned trial judge probably acted upon the provisions of a statute which has been declared unconstitutional. Buford v. State, 146 Miss. 66, 111 So. 850.

We have held in other cases that under such circumstances it is manifest the trial judge intended to impose as much as thirty days, the maximum, and that a sentence imposed beyond thirty days would be treated as surplusage, and that on serving the thirty days the defendant would be discharged. Such order will be made in the present case.

Affirmed.