HARRIS *v.* STATE.

Mar. 16, 1953

No. 38677        24 Adv. S. 26        63 So. 2d 396

*W. A. Lomax,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ROBERDS, P. J.

Appellant was convicted of the unlawful transportation of intoxicating liquor. Section 2615 Mississippi Code 1942.

He urges reversal because (1) the sheriff refused to give the name of his informant and (2) the evidence was obtained without a search warrant.

On the night of April 19, 1952, the sheriff of Grenada County was informed by someone that "a load of whiskey" would be delivered that night at a certain place in said county. A little after twelve o'clock that night the sheriff proceeded to, or near, that spot. He did not have a search warrant. He concealed himself in the public highway and shortly the defendant drove into a driveway in front of the home of Henry Dunn. Defendant backed his car to an outhouse on the Dunn land and proceeded to unload his cargo into that house. The sheriff quietly crawled closer to the automobile, the meantime keeping behind a tree, his detection being made more difficult by the fact he was wearing a black slicker coat. Defendant dropped one jug of liquor and broke it and the sheriff was close enough to him to smell and know it was whiskey. The sheriff was still in the public highway. He saw appellant get three other jugs of liquor from the car and proceed to the outhouse. The

sheriff then approached the outhouse and met the defendant coming out. The sheriff found three gallons of whiskey in the outhouse and thirty-two gallons in the automobile, one of which was broken. He then arrested appellant and took possession of the whiskey, including the broken jug.

The sheriff, as a witness, was asked to name his informant and refused to do so. Appellant says he was entitled to that information under Hamilton v. State, 149 Miss. 251, 115 So. 427; Ford v. City of Jackson, 153 Miss. 616, 121 So. 278, and McGowan v. State, 184 Miss. 97, 185 So. 826. Those cases so held under their respective facts. However, they have no application here. This arrest was not made upon information given the sheriff by his unnamed informant. True he went to this particular place pursuant to that information but he made his arrest upon what he saw. He was sufficiently close to see appellant and his maneuvers in taking the jugs of whiskey from the car to the outhouse; hear him break a jug of liquor and able to detect it by its odor. It was upon that information he made his arrest. He had a right to arrest appellant. This was a misdemeanor being committed in his presence. Section 2470, Code of 1942; Goodman v. State, 158 Miss. 269; Arnold v. State, 153 Miss. 299, 120 So. 731; Williams v. State, 140 Miss. 841, 105 So. 478; Copeland v. State, 202 Miss. 58, 30 So. 2d 509.

A misdemeanor is being committed in the presence of an officer when he acquires knowledge thereof through his senses. Arnold v. State, and Copeland v. State, supra.

But appellant says the evidence of the finding of the whiskey in the automobile and the outhouse was not competent because the sheriff had no search warrant. He says the sheriff was wrongfully upon the premises. In addition to what has been said above, the conviction of transporting could have been sustained upon the evi-

dence that appellant had the three jugs in the car when he came up and then placed them in the outhouse, where the sheriff seized them, without proof that he had thirty-two other jugs in the car. And the three jugs in the outhouse were not upon the premises owned by appellant. He had no interest therein. ██ One who has no interest in the premises is not in position to invoke objection to the officers going thereon. McLemore v. State, 178 Miss. 529, 172 So. 139; Brown v. State, 192 Miss. 314, 5 So. 2d 426; Smith v. State, 198 Miss. 788, 24 So. 2d 85; Miles v. State, (Miss.) 51 So. 2d 214; Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Goodman v. State, 158 Miss. 269, 130 So. 285; Lovern v. State, 140 Miss. 635, 105 So. 729.

Affirmed.

*Hall, Lee, Holmes* and *Arrington, JJ.*, concur.