**Hulon MAY and Henry Orlan May**

v.

**UNITED STATES of America.**
No. 14907.

United States Court of Appeals
Fifth Circuit.
March 30, 1955.

Cephus Anderson, Hattiesburg, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

Charged with depositing and concealing and with the possession of five gallons of non tax paid whiskey in violation of Sections 2803 and 3321(a), Title 26 U.S.C., defendants were tried and convicted on the evidence of the two state officers who arrested them and seized the

whiskey they were carrying in their hands and in their car.

Insisting that the arrest and seizure were violative of their constitutional protection against unreasonable searches and seizures, defendants are here urging upon us that their motion for an instructed verdict should have been granted and the judgment may not stand.

Relying upon Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L. Ed. 293, in which the evidence showed active cooperation between State and Federal officers, defendants argue that the fact that the arresting officers arranged for prosecution of the case in the Federal Court is sufficient evidence of cooperation to bring their case within the governing principle there laid down.

Appellee, pointing to the two reasons [1] given by the court for denying the motion and citing many cases [2] in support of the first reason and, in support of the second reason, Brinegar v. U. S., 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, Harris v. State, 216 Miss. 895, 63 So.2d 396, and Martin v. U. S., 5 Cir., 155 F.2d 503, urges upon us that denial of the motion for an instructed verdict was not error.

We think it clear that this is so, and since no useful purpose will be served by setting out the undisputed evidence as to the arrest and search, we will content ourselves with saying that it is and that the judgment must and will be affirmed.

[1.] "I think for two reasons the motion should be overruled. The first is since the Federal officers did not participate in the search and arrest that the rule requiring a search warrant is not applicable. The rule is that if Federal officers in conjunction with state officers make an unlawful search then the evidence obtained under such unlawful search is inadmissible, but the rule is that if the Federal officers did not participate in an unlawful search, then the evidence obtained by officers of the State, even though the search be an unlawful one, is admissible in the prosecution in the Federal Court.

"I will overrule it for the second reason that under the evidence of this case I do not think the search was unreasonable * * * the officers were at a place where they had a right to be and this car drove up and they saw with their eyes sufficient circumstances that would lead a reasonably prudent person to believe that intoxicating liquors were contained in the car and that therefore the search by the officers was not an unreasonable search, so for both reasons the motion will be denied."

[2.] United States v. Butler, 10 Cir., 156 F. 2d 897; Wagner v. United States, 5 Cir., 171 F.2d 354; Shelton v. United States, 83 U.S.App.D.C. 257, 169 F.2d 665; to which may be added Burford v. United States, 5 Cir., 214 F.2d 124 and Crawford v. United States, 5 Cir., 219 F.2d 207 and cases cited in note 2 therein.