WARBINGTON *v.* STATE

No. 41060 December 15, 1958 107 So. 2d 578

*George Maxey,* Laurel, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

On January 29, 1957 the constable of Beat 1 in Jones County made an affidavit before the justice of the peace for a search warrant to search for intoxicating liquors, obtained a search warrant for that purpose, and then pursuant thereto seized 51 cases of assorted whiskey, gin, wine and 5 cases of beer, then in the possession and under the control of the appellant, Grace Warbington, on the premises designated in the affidavit for search warrant and in the search warrant, and referred to as New Ball Park Inn.

On the next day the constable made an affidavit before the justice of the peace charging that the appellant "did unlawfully and willfully have in her possession or under her control intoxicating liquors, to-wit: Whiskey, wine and beer * * *." The accused was convicted in the justice of the peace court, fined the sum of $500 and sentenced to serve thirty days in the county jail and to pay the costs. From that conviction and judgment the appellant appealed to the county court where she was tried and convicted again and sentenced "to serve ninety days in jail and pay a fine of $500 and all costs."

Upon appeal to the circuit court the cause was heard before Judge William Gunn as Special Judge and the judgment of the county court was there affirmed on the record.

On this appeal appellant assigns as error the action of the county court in overruling her objection to the in-

troduction in evidence of the beer and wine. Second, that the affidavit is void for the reason that it consolidates three separate crimes, that of possessing whiskey, of possessing wine and of possessing beer, and third, that the sentence imposed was in excess of the maximum provided by law, the latter assignment being based upon the provisions of Sec. 2613, Code of 1942, which makes the maximum jail sentence to not exceed three months and it is contended that the ninety days sentence could exceed three calendar months and that hence the case should at least be reversed for proper sentence under the authority of Jenkins v. State, 207 Miss. 281, 42 So. 2d 198. It is unnecessary to set forth the remaining assignments of error.

The guilt of the accused was clearly shown. The constable, justice of the peace and the sheriff by their undisputed testimony established the fact that the intoxicating liquors hereinbefore enumerated were found at New Ball Park Inn on Highway 15 outside the corporate limits of the City of Laurel in Beat One in Jones County, and the constable testified that when he arrived at New Ball Park Inn he "went inside the place and found Grace Warbington and asked her if she was in charge of the place. She said that she was. She said that she was looking after it and I issued her a copy of that (search) warrant."

The appellant offered no testimony in her defense.

The crime charged in the affidavit was the unlawful possession of intoxicating liquors and in this case it was sufficient to prove the unlawful possession of whiskey. If the accused had been tried for the unlawful possession of beer or wine alone, it would have been necessary under the decision of Hoyle v. State, 216 Miss. 330, 62 So. 2d 380, for the State to have charged and proven that the wine or beer was of an alcoholic content in excess of four per centum, and in the absence of such a charge in the affidavit the testimony as to the wine and beer would have been inadmissible. But the principal

thing with which the accused was charged in the instant case was the possession of intoxicating liquors and it was only necessary to have charged and proved here possession of whiskey. The adding of the words "wine and beer" had the same effect as if the words "a case of Coca-Cola or a case of Seven-Up" had been added to the charge of possessing intoxicating liquors, to-wit: Whiskey. In other words if the charge of the possession of wine and beer did not constitute an offense, there was only one offense charged in the affidavit.

We find no reversible error in this case and the proof abundantly supports the charge against the accused of having unlawful possessed intoxicating liquors.

It was held in the case of Little v. State, 8 So. 2d 464, (Miss. 1942), that where a sentence and judgment of the trial court should be affirmed except as to where an improper sentence had been imposed, "there may be a reversal and remand to the trial court to resentence the appellant or this Court may reduce the sentence to that authorized by the statute. We take the latter course and leave the fine standing and fix the imprisonment at three months." Citing Goode v. State, 158 Miss. 616, 131 So. 106; and Gaston v. State, 107 Miss. 484, 65 So. 563.

We have concluded under the foregoing authority that since the month of February will intervene during the term of the ninety-day jail sentence imposed by the trial court, and that since such sentence may exceed three calendar months, to affirm the conviction and sentence with the modification that the jail sentence may be for three months instead of ninety days, therefore the sentence and the judgment of the trial court are affirmed as thus modified.

Affirmed as modified.

*Hall, Lee, Holmes,* and *Ethridge, JJ.,* concur.