Moore *v.* State

No. 43488          February 8, 1965          171 So. 2d 514

166

*Roy O. Parker,* Tupelo, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

BRADY, TOM P., J.

The appellant was convicted for possession of intoxicating liquors in the Circuit Court of Pontotoc County,

Mississippi on the 29th day of June, 1964. He had previously been indicted on June 24 for this misdemeanor. The jury brought in a verdict of guilty as charged and thereupon he was sentenced to pay a fine of $500 and sentenced to ninety days in the county jail. From this conviction and sentence the appellant appeals.

The record discloses the following facts: The appellant had in his possession and under his control a deserted vacant house located on a road named "Topsy." Shortly before noon the sheriff and a deputy hid themselves on top of a bank across the road from where the house is situated and there watched ten, twelve or fifteen persons, some of whom were drinking, some of whom were drunk, and others, milling about this deserted house. While they were concealed there and watching the drunken antics, they saw one Ranson come from the house, cross the road, and go up upon the bank and there pour something out of a jug, which at that time they did not know was liquor, but which they had reason to believe was intoxicating liquor. They were fortified with a search warrant but, inasmuch as this was taking place on a public county road and right of way, they did not at that time serve the search warrant. Just as they were getting ready to arrest said Ranson, they observed the appellant, Pete Moore, who had come from the deserted house and had crossed over to the edge of the highway. The officers saw Ranson fill two bottles with the substance from the jug, and they saw Ranson give these two bottles to the appellant. Appellant turned and walked back across the road, carrying the bottles with him, and the officers went immediately and arrested Ranson, who ran and attempted to hide some of the bottles which he had. The officers recovered one bottle and the jug. They then went and arrested the appellant, who did not have in his possession at the time of the arrest the bottles which had been filled from the jug. The record does not disclose exactly how many

minutes lapsed from the time Ranson was arrested and the time the appellant was arrested, but the record indicates that it was immediately thereafter.

The record discloses that Ranson paid a fine for the possession of the whiskey. Appellant testified that he had been drinking off and on for two or three days; that "this was in the aftermath of three days of drinking;" that he was drinking at. the time of his arrest, but that Ranson claims that he paid (the fine) for. the whiskey. The appellant was taken to jail, along with one of the drunks who was subsequently released. While enroute to the jail the appellant made a partial or incomplete confession to the effect that he should have known better than to have had the whiskey there and that he gave most of it away to friends and only made a dollar out of the transaction, which involved the purchase of ten gallons of whiskey. It is to be noted that the appellant was not arrested until the jug had been seized. He was not arrested until the whiskey had been poured from the jug into the two bottles and he had taken the two bottles and left.

The sheriff testified that he had had complaints about the house and that he had made an investigation; that he had been there before and observed the activities thereabout, but the arrests which were made of Ranson and the appellant were not made on information or belief, they were made on what actually was seen by the sheriff and what took place in and upon the county road.

Two errors are assigned by the appellant, which are as follows:

1. "The evidence is wholly insufficient to sustain a verdict of guilt of Appellant beyond all reasonable doubt and the court erred in overruling the motions for a directed verdict made by Appellant."

2. "The court erred in letting in the evidence over the objection of the defendant because there was no

search warrant introduced and there was no misdemeanor being committed in the officer's presence."

■■ First, we will consider the second error assigned. Insofar as the failure of the state to use the search warrant constituting a bar to the introduction of evidence is concerned, we simply point out that the sheriff and his deputy had not committed any trespass whatsoever upon the lands of the plaintiff or any other person. They were on the public lands owned by the county, to-wit, a county road. Therefore, since the sheriff and his deputy were not trespassing, there was no need for a search warrant, though the facts disclose that they had one and that it was later served when they actually went upon the premises of the appellant. Jones v. State, 230 Miss. 887, 94 So. 2d 234 (1957); Harris v. State, 216 Miss. 895, 63 So. 2d 396 (1953); Copeland v. State, 202 Miss. 58, 30 So. 2d 509 (1947); Baldwin v. State, 175 Miss. 316, 167 So. 61 (1936); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930); Arnold v. State, 153 Miss. 299, 120 So. 731 (1929); Daniels v. City of Gulfport, 146 Miss. 517, 112 So. 686 (1927); Williamson v. State, 140 Miss. 841, 105 So. 479 (1925); Miss. Code Ann. sec. 1227 (1930); Miss. Code Ann. Sec. 2470 (1956).

■■ Insofar as a misdemeanor is concerned, a misdemeanor was being committed in the officers' presence in that they were pouring whiskey from a jug into two bottles. This was done in the officers' presence, the officers arrested Ranson who was pouring the whiskey from the jug into the bottles, and the officers determined that it was whiskey in the jug and it was whiskey which had been poured into the bottles from the jug.

We turn now to the first error, which is that the evidence is wholly insufficient to sustain a verdict of guilty of the appellant beyond all reasonable doubt. The jury heard the testimony of the sheriff and his deputy, that they saw Ranson pour something from a jug into two bottles. The officers secured the jug by the arrest of

Ranson and ascertained that there was whiskey in the jug. It follows, therefore, that whiskey was poured from the jug into the bottles which were handed to the appellant. It follows further that the appellant therefore was in possession of intoxicating liquors and that all of this transpired in the plain view of the officers, who were situated some fifteen or twenty feet from the spot where Ranson was pouring the whiskey into the bottles, and only a short distance further from where these bottles were delivered to the appellant. The record discloses that the bottles were in plain view of the sheriff and his deputy at all times from the time that Ranson began to fill the bottles until the time the appellant took the bottles from Ranson and walked away. The officers were positive, and it is indeed apparent, that the remainder of the fluid in the jug was intoxicating liquor and, of necessity, that which was poured into the bottles that were given to the appellant was also intoxicating liquor.

■■■ It is urged by the appellant that the information given the officer was insufficient to maintain probable cause and that there was no authority to make the arrest without a warrant because the appellant was not engaged in the commission of a misdemeanor in the presence of the officers at the time of the arrest. We cannot agree with this contention. A reading of this record clearly shows that around noon on the day in question some twelve or fifteen men had assembled at a deserted vacant house. The record shows that some were drinking and others were drunk and all were milling about this house. The activity of these men was in plain view of the officers and obviously was not a luncheon meeting of some service club, but an assembly of men engaged in drinking intoxicating liquor. When Ranson left the premises and went upon the right of way of the public road and proceeded to pour this substance out of a jug into the two bottles, which bottles were given

to the appellant who then proceeded back toward the house, it can scarcely be doubted that the officers had probable cause to make the arrest without a warrant, the offense taking place on a public road. Since there was whiskey in the jug, it follows that Ranson, and subsequently appellant, were engaged in the commission of a misdemeanor in the presence of the officers at the time of the arrest. It is the contention of the appellant that, since the officers did not know through their senses what the fluid was at the time they arrested Ranson, they did not know that a misdemeanor was being committed in their presence by the appellant. Once the officers determined that the remaining contents of the jug constituted whiskey, they then knew, and it was not conjecture, surmise or suspicion, that the bottles which appellant had taken from Ranson likewise contained whiskey. Therefore, they knew that a misdemeanor was being committed in their presence by the appellant prior to the time the appellant was arrested and, this being true, the evidence is sufficient to support the verdict of the jury beyond all reasonable doubt.

The holdings under the facts in Canteberry v. State, 142 Miss. 462, 107 So. 672 (1926), and Garske v. United States, 1 F. 2d 620 (8th Cir. 1924), and the other cases cited by appellant constitute good law but are not applicable to the case at bar for the reason that the officers had reasonable cause to believe a misdemeanor was being committed, saw the misdemeanor being committed in their presence, realized that it was a misdemeanor, and verified the fact that it was a misdemeanor.

It follows, therefore, that the court did not err in overruling the motions for a directed verdict which were made by the appellant when the state rested its case and when both sides had rested. For the foregoing reasons, this case is affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, Jones and Inzer, JJ.,* concur.