RODGERS, Justice.
The appellant, Douglas Ladner, was arrested on a charge of having murdered his wife, and is being held without bail. He filed an application for a writ of habeas corpus before the Hon. Sebe Dale, Circuit Judge of the “district in which the relator is imprisoned”, in accordance with Mississippi Code Annotated section 2819 (1956). The writ was denied by the trial judge and the petitioner has appealed to this Court.
The appellant contends that the trial' judge should have granted the writ of habeas corpus releasing him on bail to await his indictment and trial. The thesis *402 of his argument is based upon Mississippi Constitution 1890, section 29. This section is in the following language:
“Excessive bail shall not be required, and all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great.” (Emphasis supplied.)
The appellant argues that the testimony offered by the State in this habeas corpus proceeding is not sufficient to show a capital offense “where the proof is evident or the presumption great.” This argument requires us to show briefly, and objectively, some of the evidence offered by the State at the trial of the habeas corpus petition.
Dr. Joe E. Powell was called to the home of appellant, and he arrived about six o’clock. He found Mrs. Douglas Ladner on the bed. She was dead. The doctor examined her and discovered that her skull had been fractured, in the thick part above the left eye. There were multiple bruises on her body, which had been inflicted in the past few days. She had a small cut above the left eye, and fresh blood was on the bed, on her clothes, and on the floor. She had been dead less than an hour. In his medical opinion, the cause of her death was attributable to the depressed skull fracture. He said the fracture had been inflicted by a “dull, blunt instrument * * * probably within the past twenty-four hours.” The doctor testified that it was possible that the skull fracture could have been caused by a fall but he would not admit it was the probable cause. He also testified that he had examined the prisoner’s right hand and found that it was swollen. This testimony was objected to by appellant. The doctor was Mrs. Ladner’s family doctor, and from his previous medical treatment, he was able to give expert opinion that Mrs. Ladner did not bruise “more easily” than anybody else.
Deputy Sheriff John B. Howard, Jr. testified that he was called by appellant’s brother to come to the home of appellant. He arrived there about six o’clock. Dr. Powell was there. The Deputy saw the body of the deceased and testified that there were bruises all over the body of Mrs. Ladner, one bad bruise being over the left eye. He observed that the bed was broken down and the mattress was on the floor. There were holes in the wall; the furniture was in disarray in “just about every room in the house except one.” There was blood about in the house and on towels and tissue paper in the bedroom. “One of the doors was mashed in with a hole and one in the walls was bashed in on one side.” He saw many bottles and whiskey jugs. There were feathers from a pillow all over the floor in the bedroom and out into the dining room. He talked to appellant and appellant told him that no other person had been in the house with him and his wife that day. The appellant was arrested and the deputy sheriff noticed that his right hand was swollen. He also noticed that appellant “had been drinking.” He testified that appellant told him that Mrs. Ladner was drunk and that “she just kept getting out of bed and he just kept putting her back in the bed and she bruised herself.”
Sheriff J. P. Walker went to the home of appellant, and he testified about the condition of the body of Mrs. Ladner. On cross-examination, he testified that he had pictures made of the body of deceased, and the attorney for petitioner asked that these photographs be produced and made a part of the record. Without describing the many bruises shown on the photographs, we are of the opinion that these photographs, unexplained, are sufficient to sustain the State’s theory that violence had been done to the person of the deceased. On cross-examination, the Sheriff testified that he had seen Mrs. Ladner on Wednesday, and that some of the bruises had occurred between that time and the following Sunday. He said many more marks had been put on her face since he saw her.
*403 After the State rested its case, the appellant introduced his father to show that Mrs. Ladner was an alcoholic. The trial court sustained an objection to this evidence. Appellant did not offer to show in the record that the deceased fell and injured herself, or to give any other reason, by which this collateral issue could be admissible. The appellant did not testify.
From the foregoing testimony showing the surrounding conditions at the scene of the alleged homicide, the evidence of violence to the person of the deceased and circumstantial evidence, we have reached the conclusion that the proof was evident and the presumption was great. It is apparent that the circuit judge was correct in refusing bail to the prisoner.
The objection to the introduction of the photographs was properly overruled for two reasons: (1) The attorney for the appellant requested that the photographs be made a part of the record; and (2) the photographs would have been admissible in evidence without the request of appellant that they be made a part of the record. See Stokes v. State, 240 Miss. 453, 128 So.2d 341 (1961); Jones v. State, 228 Miss. 296, 87 So.2d 573 (1956); West v. State, 218 Miss. 397, 67 So.2d 366 (1953); Wheeler v. State, 219 Miss. 129, 63 So.2d 517, 68 So.2d 868 (1953); Price v. State, 54 So.2d 667 (Miss.1951); Hancock v. State, 209 Miss. 523, 47 So.2d 833 (1950); Seals v. State, 208 Miss. 236, 44 So.2d 61 (1950).
 The objection of the prisoner to the evidence with reference to the photographs of the prisoner’s hand was properly overruled because the Sheriff is authorized to take a picture of a prisoner under Mississippi Code Annotated section 2610 (1956). Moreover, a witness may testify as to what he sees as long as he is not trespassing. Davis v. Plynde, 4 F.2d 656 (1925). The eye cannot trespass. Brooks v. Wynn, 209 Miss. 156, 46 So.2d 97 (1950); Goode v. State, 158 Miss. 616, 131 So. 105 (1930); Goodman v. State, 158 Miss. 269, 130 So. 285 (1930); Duncan v. State, 152 Miss. 209, 119 So. 179 (1928).
Finally, the contention that the court should have permitted the prisoner’s father to testify that the deceased was an alcoholic and that such testimony would have indicated that she fell and bruised her person is not well-taken. Appellant’s attorney did not state in the record the facts which he expected to show so that the court could have been apprised of the purpose of the collateral testimony. Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953); Newell v. State, 48 So.2d 332 (Miss.1950); Temple v. State, 165 Miss. 798, 145 So. 749 (1933).
We are now therefore of the opinion, and so hold, that the trial judge was correct in refusing to grant the appellant bail. The order of the circuit judge dismissing the petition in the habeas corpus proceeding will therefore be affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and INZER, TT.. concur.