PATTON *v.* STATE.

(Division A.   June 15, 1931.)

[135 So. 352.   No. 29414.]

R. A. Wallace, of Gulfport, for appellant.

Geo. T. Mitchell, Attorney-General, and **W. A. Ship-man**, Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Walter Patton was convicted in the county court of Forrest county, on a charge of unlawfully having in his

possession intoxicating liquors and appealed to the circuit court, where the judgment of the county court was affirmed; and from the judgment of the circuit court, he prosecuted this appeal.

The state offered the testimony of a deputy sheriff to the effect that he was informed that during a certain night a load of whisky would be brought to a point at or near a certain church; that he took his informant in his car and proceeded to the designated place, and, after lying in wait for a short while, two or more men passed along Highway No. 11 in a car, similar to the one described by his informant, and turned into a side road leading to the said church; that he left his informant and followed this car, and discovered it parked near the church; that when he drove up, he saw the appellant walking away from the point where the car was parked, carrying in his arms a ten-gallon keg; that he commanded the appellant to halt and consider himself under arrest, but he proceeded several steps to a place where there were three other ten-gallon kegs, by which the appellant's brother was standing, and placed the keg with the others, and hurriedly returned to and climbed into his car; and that he shot the appellant in the back of the shoulders just as he climbed into his car.

He further testified that he shot the appellant because he thought he was going to his car to get a pistol, and that after the appellant was shot and he had taken him and his brother into custody, he searched the car, but found nothing; but that upon pursuing his investigation, as to the kegs which were setting nearby, he discovered that they contained intoxicating liquor. Upon the examination of this witness to determine whether there was probable cause for the search of the automobile, when he was asked and required to give the name of his informant, the deputy said that he had received the information that there would be a load of whisky at this

place from "a negro named Red;" that he had known this man for several years, but had never heard him called by any other name than Red; that he was supposed to live a part of the time in Hattiesburg and a part in Gulfport; that he did not know whether he was a credible person, but that upon other occasions he had furnished him information that usually proved to be correct. He further testified that for two or three days before the trial of the cause he had searched for this negro Red, but had been unable to locate him.

The first contention of the appellant is that the witness' designation of his informant as "a negro named negro Red" is not a compliance with the rule announced by this court; that upon the investigation by the trial court to determine whether an officer had probable cause for the search of an automobile, and whether the evidence thus secured was competent, the court should require the witness to disclose the name of his informant. The search of the automobile here involved, which was made after the arrest of the appellant, disclosed no evidence of any violation of law, and whether the evidence thus secured was competent, the court should require the witness to disclose the name of his informant. The search of the automobile here involved, which was made after the arrest of the appellant, disclosed no evidence of any violation of law, or anything that was in any way prejudicial to the appellant; and, consequently, the question of whether or not the witness sufficiently identified his informant, or whether there was probable cause for the search of the automobile, was immaterial.

The serious question presented by the motion to exclude the evidence and grant the appellant a peremptory instruction arises upon a consideration of the legality of the arrest, and the admission of the evidence obtained as a result of the arrest. The officer had no warrant authorizing the arrest of the appellant, or the search

of any of his possessions, and when he first appeared upon the scene, his first act was to effect the subjection and arrest of the appellant. By means of the arrest and subsequent search and investigation, the officer determined that the kegs in the appellant's possession contained liquor, but when the arrest was made the officer did not know the contents of the kegs, and was not in possession of facts showing the commission of a misdemeanor in his presence; consequently, the arrest was unlawful, and the evidence secured as a result thereof should have been excluded.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.