FULTON *v.* CITY OF PHILADELPHIA.

(Division B.   May 22, 1933.)

[148 So. 346.   No. 30393.]

A. B. McCraw, of Philadelphia, for appellant.

J. K. Gillis, of Philadelphia, for appellee.

Briefs of counsel not found.

**Ethridge, P. J.,** delivered the opinion of the court.

Ben Fulton was convicted by the circuit court of Neshoba county of the possession of intoxicating liquor.

It appears that the evidence in this case was obtained under the following circumstances: One E. A. Dees was marshal of the city of Philadelphia, and on the evening in question went, in company with his brother and the sheriff of the county, to a certain part of the city, and there saw the appellant, Fulton, but did not see him with any intoxicating liquor in his possession at the time, called to him to halt, and thereupon Fulton ran from him. The marshal fired at Fulton with his pistol, and, as Fulton ran around the house, he encountered the sheriff and a brother of the marshal, and he (Fulton) then broke two bottles upon the sidewalk which they claimed contained intoxicating liquor.

The sheriff, according to his testimony, did not arrest Fulton until he had broken the bottles, and, when he saw him break the bottles, he thereupon drew his gun and called to Fulton to surrender. The sheriff then took a handkerchief and dipped it into the liquor on the ground, smelled it, and declared that it was intoxicating liquor.

Ben Fulton testified that he did not break the bottles until he was called on to halt and the gun was drawn on him; that he did not possess any intoxicating liquor at that time, but that he had been to the home of his niece and had procured a bottle of camphor, and had picked up a pint bottle smelling of whisky which he intended to sell, as there was a market for pint bottles just then; and that, when he was called to halt, he ran, and, being intercepted by the sheriff and the marshal's brother, he broke both bottles.

Objection was made to this testimony, overruled, and

it was permitted to go to the jury, which found Fulton guilty.

It is not disputed in the evidence that the marshal did not see any liquor when he called to Fulton to halt and fired his gun, and it cannot be doubted that the marshal had no authority, under these circumstances, to make the arrest or search at that time.

In Butler v. State, 135 Miss. 885, 101 So. 193, we held that a policeman without a search warrant, and who did not know at the time that the defendant was committing a crime, was not warranted in arresting him. Before an offense can be said to be committed in an officer's presence, the officer must have some physical·evidence, such as sight, smell, etc. It is not enough that the defendant may, in fact, be guilty of a crime, if the physical evidence is lacking.

Section 23 of the constitution guarantees to every person security from unreasonable search and seizure. We have construed section 26 in connection with section 23, and have held that it is compelling a defendant to testify against himself when the evidence is unlawfully obtained by a search or arrest by an officer without authority of law.

In Burnside v. State, 144 Miss. 405, 110 So. 121, 122, the court, in passing on a question similar to the one here involved, said: ''Counsel for appellant urges that the liquor was unlawfully secured, in that the appellant was commanded by the officer to take the liquor from under her dress and deliver it to him at a time when she was not under arrest, nor had the officer seen any offense committed by her in his presence; that the method of obtaining the liquor from the person of the appellant amounted to an unlawful search of the person; that, therefore, the testimony of the officers was inadmissible, and ought to have been excluded by the court. We think the contention is well grounded. Under the circumstances, the officer had no right to search the person of the appellant, nor should he have commanded

her to deliver to him the article concealed under her clothes. The officer, in what appears to have been a threatening manner, followed the appellant around over her premises, commanding her to deliver to him the article concealed on her person, and finally took it in this intimidating manner. We think the method pursued by the officer in obtaining this liquor was an undignified species of coercion, which was equivalent to a forcible search of the appellant's person without authority of law so to do; and, for that reason, the testimony of the officer was inadmissible, and the conviction must be reversed and the appellant discharged. Law officers are to be commended in their laudable efforts to secure testimony against violators of the law; but there is a regular and orderly way of doing this, which the officer should bear in mind. The ordinary person who is approached by an officer has respect for the authority of the officer, and will, generally, through respect or fear, do whatever the officer commands to be done; and when the officer, without authority of law, violates the security of the person of the citizen by demanding and coercing him into doing something not required by law to do, then such an act of the person is not a free and voluntary act, but is the result of force by reason of the threatening and coercive attitude of the officer.''

Under these cases, the evidence in the case at bar was illegally obtained, and consequently was inadmissible, and the court erred in admitting it.

There was no other evidence to show the guilt of the appellant, Fulton, and, for the error indicated, the judgment of the court below must be reversed and the appellant discharged.

Reversed and dismissed.