BALDWIN *v.* STATE.

(Division A. April 13, 1936.)

[167 So. 61. No. 32144.]

**Logan & Barbee,** of Hernando, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction for having intoxicating liquor in possession.

The appellant's complaint is that the evidence on which he was convicted, and which was admitted over his objection, was obtained by a police officer by means of an unlawful search. That evidence is, in substance, as follows:

A deputy sheriff testified that he had been informed by George Williams that he had purchased whisky from the appellant which would be delivered to him by the appellant shortly thereafter "on the west side of the Desoto Automobile Company." This deputy, accompanied by another, proceeded to the appointed place in an automobile and there awaited the consummation of the sale. The appellant and Williams appeared on the scene. The appellant had in his possession a paper sack from which protruded the neck of a bottle. Before he delivered it to Williams, he saw the deputy sheriff and his companion and immediately fled, but stopped and struck the sack and its contents on a brick. The sack contained a bottle which broke when it came in contact with the brick, thereby disclosing its contents to be whisky. The deputy sheriff pursued the appellant and

reached and arrested him just after he had broken the bottle. About the time the appellant broke the bottle, the deputy sheriff called to him to stop; and, viewing the evidence most favorably for the appellant, we will say that the command to stop preceded the breaking of the bottle—but if it did, it was immediately before.

The deputy sheriff had no warrant either for an arrest or for a search and seizure, and two questions arise:

1. Was the possession of the whisky disclosed by a search? And if it was,

2. Was the search lawful? In other words, was the search an incident of a legal arrest, assuming that the arrest was made or begun when the appellant was ordered to stop?

We will assume, but merely for the purpose of the argument, that the command to stop caused the appellant to break the bottle and thereby disclose its contents; that this was the equivalent of a search; and come at once to the second question.

An officer has the right to arrest without a warrant for the commission of a misdemeanor in his presence. Section 1227, Code of 1930. A misdemeanor is being committed in the presence of an officer when he then and there acquires knowledge thereof through one of his senses (Fulton v. City of Philadelphia, 168 Miss. 30, 148 So. 346), "or inferences properly to be drawn from the testimony of the senses." Garske v. United States (C. C. A.), 1 F. (2d) 620, 623. What the officer here saw, before ordering the appellant to stop, was a hurried flight by the appellant, immediately upon his observing the officer, having in plain view a paper sack with the neck of a bottle—a usual and proper container for whisky —protruding therefrom. These facts, in the light of the information given him by Williams, which had been verified to the extent that the appellant met Williams at the appointed place, justified the officer in drawing

the inference, from what he had observed, that the bottle in the paper sack contained whisky.

When the officer was asked if he knew that the bottle contained whisky, he said "Yes;" and on being asked how he knew it, he replied, "I saw it in his hand, I saw the sack." Again being asked, "You did not know what was in the bottle?" he replied, "I had a good idea, I had been told." Cf. Garske v. United States, supra.

The appellant's arrest, therefore, and the attending search, if such there was in fact, were legal.

Affirmed.