COPELAND *v.* STATE.

(Division A.   May 12, 1947.)

[30 So. (2d) 509.   No. 36360.]

James M. Mars, of Philadelphia, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Pursuant to a valid warrant for the search of a tourist court for intoxicating liquors, the sheriff called the defendant, H. E. Copeland, out of one of the cabins, which was "down at his bootleg joint" and where he was visiting with one of his guests there. The officer testified that as the defendant came out of the cabin, in a drunken condition, his coat blew back or was thrown back in some way, and that thereupon he saw a bottle in his inside coat pocket, and smelled whiskey on him. The whiskey in the bottle did not extend all the way to the top, that is to say, the bottle lacked two and one-half or three inches of being full to the top, and the officer does not claim to have seen more than two and one-half or three inches of the top of the bottle before he arrested the defendant and took the bottle out of his pocket, but testified positively two or three times that under the circumstances he knew it was whiskey before he removed it from the person of the defendant pursuant to his arrest.

A reversal of the case is sought upon the ground that although the bottle was found to actually contain whiskey after it was removed from the pocket of the defendant pursuant to his arrest, the sheriff did not know that the defendant had whiskey in the bottle and on his person until after he had arrested him; that his statements as a witness to the contrary were mere conclusions on his part. Therefore the precise contention is that the arrest was unlawful and the testimony of the sheriff was in-

competent and inadmissible, since it is claimed that the said officer did not actually know that the defendant was committing a misdemeanor in his presence, by having intoxicating liquor in his possession, until after he had arrested him without a warrant.

The sheriff testified as aforesaid that he was then at the defendant's ''bootleg joint,'' and that the latter was drunk at the time; that he saw the label, etc., and smelled whiskey on him; and that he called him out of the cabin for the purpose of making complaint in regard to the defendant's having undertaken to unduly influence or bribe some of the sheriff's helpers, who were assisting him in his efforts to enforce the law.

In the case of Baldwin v. State, 175 Miss. 316, 167 So. 61, 62, this Court held that ''A misdemeanor is being committed in the presence of an officer when he then and there acquires knowledge thereof through one of his senses (Fulton v. City of Philadelphia, 168 Miss. 30, 148 So. 346), 'or inferences properly to be drawn from the testimony of the senses.' Garske v. United States (8 Cir.), 1 F. (2d) 620, 623.''

While the case may be thought to be on the border line, nevertheless, under the announcement of the rule hereinbefore quoted from the case of Baldwin v. State, supra, and under the authorities review and pronouncements made in the well considered case of Garske v. United States, supra, which applies the provision of the Federal Constitution, Amendment 4, in regard to unlawful searches and seizures, we have concluded that the testimony of the sheriff discloses much more than a mere suspicion on his part that a misdemeanor was being committed in his presence and was competent; and that what he saw and observed was sufficient to entitle him to make the arrest, even though the language employed in the cases of Canteberry v. State, 142 Miss. 462, 107 So. 672, and Patton v. State, 160 Miss. 274, 135 So. 352, is somewhat persuasive to the contrary.

The judgment and sentence of the trial court must therefore be affirmed.