THOMAS *v.* STATE.

In Banc. Feb. 13, 1950.

No. 37399 (44 So. (2d) 403)

Joe and Ben Stevens, for appellant.

266

**R. O. Arrington**, Assistant Attorney General, for appellee.

**Roberds, J.**

Thomas was convicted of the unlawful possession of whiskey. His request for a peremptory was refused. He contends his arrest was unlawful and that the evidence obtained by the sheriff thereafter, as a consequence of the unlawful arrest, was inadmissible.

The sheriff of Greene County was the only witness. He said, in substance, he went to a spot at or near which he had reason to believe whiskey was being, or had been, kept. There he hid himself in gallberry bushes. Shortly thereafter Thomas appeared in a truck being driven by

another man. Thomas got out of the truck, went down the highway embankment, disappeared from the sight of the witness, and, after being gone a short time, reappeared, ascended the road embankment with something in his hand, which the witness thought was a bottle, and at or about the time Thomas reached the truck, the sheriff fired his pistol, came forward to Thomas, and arrested him. Immediately before or after (the exact moment not being clear) the sheriff fired his pistol and commanded Thomas to consider himself under arrest, Thomas threw into the truck the object he had in his hand. The sheriff did not know what, if anything, was in the bottle. However, after the arrest he discovered it contained whiskey. The sheriff had no warrant for the arrest of Thomas and it is not shown that, when he hid himself, he had any special reason to suspect that Thomas, rather than some one else, would appear there. Was he justified in making the arrest without a warrant under these circumstances?

The crime charged was a misdemeanor. In Baldwin v. State, 175 Miss. 316, 167 So. 61, 62, this Court said: ██ "An officer has the right to arrest without a warrant for the commission of a misdemeanor in his presence. Section 1227, Code of 1930. A misdemeanor is being committed in the presence of an officer when he then and there acquires knowledge thereof through one of his senses (Fulton v. City of Philadelphia, 168 Miss. 30, 148 So. 346), 'or inferences properly to be drawn from the testimony of the senses.' Garske v. United States, 8 Cir., 1 F. (2d) 620, 623." ██ In that case the officer saw the accused carrying a paper sack from which protruded the neck of a bottle, "a usual and proper container for whiskey". The officer had been informed by a prospective purchaser of whiskey that he was to meet defendant at a designated place where the sale and purchase would be consummated. The officer and another appeared at, or near, this appointed place, to obtain an eye-view of the transaction. The informing witness and the accused

appeared at the appointed place, but accused, sensing danger, fled, and the officer saw the sack with the protruding bottle, as above stated. The fleeing defendant hit the sack and its contents against a brick, breaking the bottle, which it then developed contained whiskey. Under these circumstances the court applied the foregoing quoted rule and held the arrest unlawful and the evidence obtained pursuant thereto inadmissible. That case, it seems to us, renders ██ ██ the arrest in this case unlawful and the evidence inadmissible.

See also Sec. 23, Miss. Const. 1890; Sec. 2470, Code 1942; Butler v. State, 135 Miss. 885, 101 So. 193; Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A.L.R. 1377; Orick v. State, 140 Miss. 184, 105 So. 465, 41 A.L.R. 1129; Patton v. State, 160 Miss. 274, 135 So. 552; Fulton v. City of Philadelphia, 168 Miss. 30, 140 So. 346; Kelly v. State, Miss., 43 So. (2d) 383; Haney v. State, Miss., 43 So. (2d) 383.

Reversed and appellant discharged.