## Mask *v.* State

No. 42584          April 1, 1963          151 So. 2d 604

*Dwayne L. Hale,* New Albany, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

(**Hn 1**) In this case the sheriff of Pontotoc County and one of his deputies went to the farm home of the appellant, Abb Mask, armed with a warrant for the search of his premises for intoxicating liquors. At a distance they saw the accused enter a roadside ditch on a county road which ran through his farm and saw him pick up a glass jug and then put it back down in the ditch later. The sheriff and his deputy, according to their testimony, took possession of and examined the contents of the glass jug, and found the same to contain corn liquor. The officers then went over the farm pursuant to the search warrant, and later returned to this roadside ditch and hid themselves behind some bushes north of the ditch and on the land of the accused. They had the search warrant in their possession at the time but they had not theretofore had an opportunity to serve the warrant on him. In fact, it was never served due to the excitement that followed. Thereupon the accused backed his automobile or truck from his house down to the place where the officers had found the glass jug containing the corn liquor and picked up a jug from a hole where they had replaced the jug that they had examined. Neither the sheriff nor his deputy were able to say definitely that they knew that the second jug that he got from the hole where they left the first one contained intoxicating liquors until the sheriff had fired his pistol two or three times into the air, and the accused had then broken

the glass jug against the root of a tree and had gotten the intoxicating liquor on his clothing. Then they were able to tell from their sense of smell that it was intoxicating liquor.

Under the case of Butler v. State, 135 Miss. 885, 101 So. 193, the testimony as to the second jug that the officers found was incompetent and inadmissible, if considered alone, but these officers had some time prior thereto examined the contents of the first jug that they found, after the accused had set it down in the roadside ditch, and they testified that it contained corn liquor. The State could have safely rested its case on the testimony as to what the officers found to be the contents of the first jug found by them in the ditch, but when this fact is considered in connection with the further fact that the sheriff testified that "we put it back in the hole and waited for Mr. Mask to come for it, and he came in this vicinity and picked up a jug. I could not definitely swear it was the same jug that we put there (meaning the first jug that they found and examined) or not, but he got it right in the same vicinity. Q. Where was he when he broke the jug of whiskey? A. He was in the road ditch." The officer was further asked, "Well, you had been out there earlier that day and you say you found a jug of whiskey? A. That is right. * * * I couldn't definitely say that this is the same jug (referring to the occasion of their second visit to the ditch) but I say this, that there was a jug of whiskey in the road ditch that we had already found and it was a very few feet, if it wasn't in the same place, it was close to it. I can't swear it was the same jug but he got it out of practically the same place, * * *." We think that the fact that Mask got this second jug that he broke at the root of a tree after the sheriff began shooting his pistol, and got it from at or near the same hole where the officers had left the first one, was sufficient to warrant the judge and jury in believing beyond a

reasonable doubt from all the facts and circumstances, that this was the same jug that the officers had examined the contents of, and found the same to be corn liquor; that the testimony as to both incidents was all competent and admissible under the facts and circumstances above stated and was sufficient to warrant the jury in finding the defendant guilty. We also think the arrest was lawful.

We think that this case is controlled by the cases of Baldwin v. State, 175 Miss. 316, 167 So. 61; and Copeland v. State, 202 Miss. 58, 30 So. 2d 509.

Affirmed.

*Kyle, Ethridge, Rodgers, and Jones, JJ.,* concur.