LYON, J.,
— Before the court for determination is the appeal of Joseph R. Johnson from the suspension of his operating privileges by the Secretary of Revenue.
On an appeal to the court of common pleas from a license suspension, it is the duty of the court to hear the case de novo and determine anew whether the operator’s license should be suspended: Commonwealth v. Wagner, 364 Pa. 566, 73 A.2d 676 (1950); Commonwealth v. Funk, 323 Pa. 390, 186 Atl. 65 (1936). Thus, the merit of the suspension was early recognized by the Supreme Court as being a matter for the hearing court’s independent determination. At such hearing, neither the action of the secretary nor the testimony taken before his representative is properly part of the record of the case; Commonwealth v. Emerick, 373 Pa. 388, 96 A.2d 370 (1953).
It is incumbent upon the court hearing the appeal to exercise its discretion and to dispose of each case under its own particular circumstances and to exercise honest, reasonable judgment so as to reach a just bal *578 anee between the need for protection of the privileges and liberties of the individual operator, on the one hand, and the co-existent necessity to safeguard the rights of the public in the common use of the highway on the other: Soens Automobile License Case, 5 Bucks 293 (1956). However, courts are not boards of clemency but are bound by rules of civil procedure, and their decisions must be founded on firm jurisprudence, not fluctuating policy, and their decisions must be based upon the evidence in the circumstances presented: Commonwealth v. Moogerman, 385 Pa. 256, 122 A.2d 804 (1956).
A suspension proceeding is civil and the burden of proof is on the Commonwealth to sustain the charge by a fair preponderance of the evidence: Wilander Auto License Case, 15 Bucks 320 (1965). The evidence showed that Frank Lombardo, a member of the Union Township Police Department, was on duty at approximately 11 p.m. on the evening of August 20,1970, when he was instructed to investigate an accident approximately three miles west of the City of New Castle on a public highway known as Route 224. At the scene of the accident, he found an abandoned truck and, believing the driver might have been dazed by the collision, searched for him in out-of-the-way places in the surrounding area. Meanwhile, appellant returned to his truck where he was later found in the driver s seat by Officer Lombardo. In response to the officer’s inquiries appellant stated that he was the driver of the vehicle, that he was shaken up by the collision and that he had been to the Airport Inn where he had consumed three whiskies and a beer. At the request of the officer appellant accompanied him to the police vehicle where information of an undisclosed nature was obtained by the officer apparently for the purpose of making the required police reports. *579 When Officer Lombardo left the police vehicle to interview the second party involved in the accident, appellant remained in the vehicle in the company of Officer Bonci, also a Union Township Police Officer, who was assisting in the investigation.
Officer Lombardo returned to the police vehicle and arrested appellant for the offense of operating a vehicle while under the influence of intoxicating liquor.
The suspension of appellant’s operating privileges which is the subject of this proceedings is bottomed upon his alleged refusal to consent to a chemical test of his breath for the purpose of determining the alcohol content of his blood. Appellant’s contention that the suspension was improper is bottomed upon the grounds: (1) that the arrest was illegal, and (2) that he did not refuse to take the chemical test.
I. Arrest
The law of arrest without a warrant for a misdemeanor is a matter of common-law development and the scarcity in decided misdemeanor cases at appelate level leaves the nature of the arrest privilege unclear. The Pennsylvania Superior Court stated the law on the subject in generic form in Commonwealth v. Pincavitch, 206 Pa. Superior Ct. 539, 214 A.2d 280 (1965), as follows:
“A peace officer may, without a warrant, arrest for a felony or for a misdemeanor committed in his presence although the right to arrest for a misdemeanor, unless conferred by statute, is restricted to misdemeanors amounting to a breach of the peace.”
When the misdemeanor is in the nature of a traffic offense under The Vehicle Code, as in the instant case, the right of a police officer to make an arrest is affected by the Act of April 29, 1959, P. L. 58, sec. 1204, 75 PS § 1204, which provides that:
*580 “Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act”: The Vehicle Code.
But the Commonwealth is precluded from claiming that the arrest of appellant was authorized under the statute, since there is no evidence that at the time of arrest either officers Lombardo or Bonci were in uniform and displaying a badge or other sign of authority.
Appellant asserts that, for this reason, his arrest was illegal. He points out that the offense charged against him was a violation of The Vehicle Code and therefore urges the conclusion that there was an invalid arrest unless the Commonwealth proves that the police officer taking him into custody was in uniform and displayed a badge or other sign of authority. We agree.
Our courts construed an identical provision in a prior Vehicle Code enactment[1] and have held that the statutory requirements for an arrest on view are mandatory: Commonwealth v. Brennan, 193 Pa. 567, 44 Atl. 498 (1899); Commonwealth v. Wideman, 150 Pa. Superior Ct. 524, 28 A.2d 801 (1942); Commonwealth v. Gates, 98 Pa. Superior Ct. 591 (1930). A lower court decision precisely on point is Commonwealth v. Arnold, 86 D. & C. 154 (1953), where it was held that failure to aver in the information or to prove at the hearing that the officer making an arrest on view was in uniform and exhibited a badge is fatal to proceedings based on such an arrest.
The crime of driving while under the influence of intoxicating liquor requires the co-existence of two elements: (1) the driving of a motor vehicle, and (2) *581 the driver under the influence of intoxicating liquor. Only the first element could arguably be concluded from Officer Lombardo’s observations at the scene of the accident, for his testimony shows that he observed nothing about appellant which indicated the existence of the second element of intoxication. The arrest was bottomed wholly upon the observations of others, particularly Officer Bonci who smelled a strong odor of alcohol upon appellant’s breath and observed that he had a staggering gait when walking with Officer Lombardo from his own vehicle to the police car. It is difficult to understand why Officer Lombardo, who had an equal if not superior opportunity to observe appellant, did not make similar observations if such signs were apparent, particularly since Officer Bonci told him, “This guy is bombed.” and specifically related what he had observed about appellant.
There are numerous decisions holding an arrest to be valid even though the arresting officer had no probable cause, since probable cause may be bottomed upon the knowledge of another officer who directed the arrest: Whiteley v. Warden of Wyoming State Penitentiary, - U. S. -, 28 L. ed. (2d) 306, 91 s. Ct. -(1971); U. S. v. Robinson, (C.A.D.C.) 8 Cr. L. 2179 (1970). The rule has been followed only in those cases where the officer directing the arrest had a superior opportunity to acquire knowledge concerning the arrestee’s connection with the offense. It is inapplicable in the instant case for the evidence shows that each of the investigating officers had an equal opportunity to observe appellant and the observations of one belied the observations of the other. Since there are no strong reasons for discrediting the observations of one of the officers and accepting that of the other, the evidence is insufficient to support a finding that there was probable cause for appellant’s arrest.
*582 Furthermore, an arrest on view cannot be bottomed upon information supplied to the arresting officer by third parties. The statutory language, “arrest on view,” has generally been construed to mean an offense committed in the presence of an officer. An offense is committed in the “presence of an officer” when the officer receives knowledge of commission of an offense in his presence through any of his senses, or by inferences properly to be drawn from the testimony of the senses: Evans v. State, 71 Okl. Cr. 239, 110 P.2d 621 (1941); Copeland v. State, 202 Miss. 58, 30 So.2d 509 (1947).
The statute which the Commonwealth contends authorized the suspension of appellant’s operating license provides:
“If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing”: Act of April 29, 1959, P. L. 58, as amended; 75 PS §624.1.
To hold that the legislature intended to permit such serious consequences to follow from an illegal arrest would be contrary to common sense, lead to an absurd result and be contrary to the directions of The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552. Since the arrest was unlawful under any of the standards for a valid arrest, common law, statutory or probable cause, appellant is entitled to have his operator’s privileges restored: Commonwealth v. Klinedinst, 82 York 198 (1969).
II. Refusal to Take Chemical Test
Ordinarily, we would not consider the factual issue *583 of whether defendant refused to take the chemical test, because our determination of the prior issue effectively determines the case. We consider the question here only because the authority for giving chemical tests to determine the amount of blood alcohol has been authorized by recent legislation which has not heretofore been judicially considered in this jurisdiction. Neither has it been considered by either the Pennsylvania Supreme or Superior Courts. However, at least one lower court held that the consent must be “fully voluntary and given intelligently”: Commonwealth v. Klinedinst, supra. Therefore, peace officers as a matter of prudence should endeavor whenever possible to wholly satisfy this standard of a valid consent or refusal under the statute. Otherwise, numerous proceedings under the statute may be invalidated if the Pennsylvania appellate courts should subsequently decide that this standard is the true test of a proper consent or refusal to take a chemical test: Act of April 29, 1959, P. L. 58, as amended, 75 PS §624.1.
The credible evidence in the instant case proves that appellant’s refusal was fully voluntary and given intelligently even though at the time of the arrest he attempted to mislead and camouflage his refusal by various ingenious facades. Hence, it is not necessary for this court to decide here whether a consent or refusal must be “fully voluntary and given intelligently” in order to be valid under the statute.
ORDER OF COURT
And now, to wit, May 11, 1971, the appeal is sustained and the Secretary of Transportation is directed to restore appellant’s operating privileges forthwith.
All costs are to be paid by the County of Lawrence.

. Act of May 1, 1929, P. L. 905, art. XII, sec. 1203, as amended.