**UNITED STATES of America, Plaintiff,**

v.

**Nephus WILLIS, Defendant.**

**Crim. A. No. E77–0002(C).**

United States District Court,
S. D. Mississippi, E. D.

May 23, 1977.

Dan E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff.

Thomas M. Hendricks, Jr., Meridian, Miss., for defendant.

WILLIAM HAROLD COX, District Judge.

This matter was tried in the court at Meridian before a jury resulting in a conviction of second degree murder. The defendant has interposed a motion for a new trial complaining in the main of a refusal by the Court of Seven requested instructions. The defendant is an Indian who lives on the reservation in Neshoba County, Mississippi. On December 28, 1976, the defendant killed Milburn Williamson, a federal policeman on the reservation in his line of duty. The police was summoned to the defendant's home by his fourteen year old daughter who requested the police to come and take her father who had been drinking beer and had run his wife and daughter out of the home.

Willis had been in trouble with the local authorities on many occasions involving his conduct under the influence of alcohol. The police officer was summoned to the scene on the radio and promptly went to the defendant's home and knocked on the door, but the defendant told his son to let the officer open the door, which he did. The officer opened the door and told the defendant that he was under arrest and undertook to clamp handcuffs on him, but the defendant backed away and demanded to know if the officer had a warrant paper. The officer said no and grabbed the defendant by the arm and the defendant continued to pull away. The officer backed up on the porch and fired a warning shot. The defendant says he got scared and ran for his gun in the car in the yard. The defendant got his gun out from under the seat in the car and fired seven bullets from a semiautomatic twenty-two rifle into the body of the policeman.

■ The defendant contended in effect that he did nothing in the presence of the officer to warrant the arrest and that the officer was in effect a trespasser in his home and that he had a right to resist arrest to the point of killing the officer. It is the opinion of the Court that this view of the law is not warranted by any authority. Accordingly, the Court refused the seven requested instructions set forth in the motion. Probable cause exists to warrant an arrest by an officer without a warrant who does not actually witness the commission of the misdemeanor if he has information of such offense which he conceives through one of his senses, or derives from a reliable source. The question presented is as to whether or not probable cause existed for this officer acting as a prudent man to arrest the defendant under the circumstances.[1]

Probable cause is a judicial question which the Court must determine from the facts and circumstances in the case. Good faith of the officer is not enough. The question must be decided in this case according to the laws of the state of Mississippi.[2]

---

1. In *United States of America v. Raymond W. Lowery*, 5 Cir., 436 F.2d 1171, 1174 the Court said: "An arrest without a warrant is constitutionally valid if at the moment the arrest was made the arresting officers had probable cause to make it. *Beck v. Ohio*, 1964, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145. Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. *Draper v. United States*, 1959, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, 332; *Carroll v. United States*, 1925, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555. We hold that in this case probable cause existed to justify Lowery's arrest without a warrant. See

*United States v. Lipscomb*, 5 Cir. 1970, 435 F.2d 795."

2. In *Shinall v. State of Mississippi*, Miss., 199 So.2d 251, 256, the Court said: "There is a list of cases heretofore decided by this Court in which we have held that a person may resist an unlawful arrest by such force as may be necessary, short of taking human life. We are of the opinion that this line of authority is not applicable in the instant case because, under the facts here presented, the constable was attempting to make a legal arrest. Peace Officers and citizens may at any time arrest persons who are committing crimes in their presence, or to prevent a breach of the peace. Miss.Code Ann. § 2469 (1956). Moreover, the statutory law of this State expressly enjoins all constables 'to keep and preserve the peace

■ A misdemeanor is effectually committed in the presence of an officer when he acquires knowledge thereof through one of his senses.[3]

■ An officer without a warrant need not know that the defendant was guilty before he can arrest him.[4] That basic fact is well engrained to the jurisprudence of this state.[5]

■ There was simply nothing for the jury to decide in connection with the question of probable cause. The defendant's instructions were too broad and inapplicable to the facts and circumstances in this case.[6]

■ Probable cause must be evaluated in a practical and common sense way to meet the every day aspects of the case without subjecting the public to a police concept of probable cause.[7]

The defendant was convicted by the jury of second degree murder. He could well have been convicted under the facts in this case of first degree murder. He pursued this officer and continued to pump lead into his body from his twenty-two rifle even after he had fallen and literally showed him no mercy, and the defendant is fortunate, indeed, that he was not convicted of first degree murder. The motion of the defendant for a new trial is without merit and will be denied.

An order accordingly may be presented to the Court under the rules of this Court.

---

within his county.' Miss.Code Ann. § 3887 (1956)."

**3.** In *Baldwin v. State*, 175 Miss. 316, 167 So. 61, 62 the Court said: "A misdemeanor is being committed in the presence of an officer when he then and there acquires knowledge thereof through one of his senses (*Fulton v. City of Philadelphia*, 168 Miss. 30, 148 So. 346), 'or inferences properly to be drawn from the testimony of the senses.' *Garske v. United States* (C.C.A.) 1 F.2d 620, 623."

**4.** In *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 the Court said: "Evidence required to establish guilt is not necessary. *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. On the other hand, good faith on the part of the arresting officers is not enough. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed."

**5.** In *Hurst v. State of Mississippi*, Miss., 240 So.2d 273, 276 the Court said: "The right to arrest a person upon a description of the suspect given to the officer by a credible person has long been thoroughly established in this state. See *Wheeler v. State*, 219 Miss. 129, 63 So.2d 517 (1953)."

**6.** In *Abrams v. United States of America*, 99 U.S.App.D.C. 46, 237 F.2d 42, 43 the Court said: "The defendant asked the court to instruct the jury that if the police were attempting an illegal arrest the defendant 'had full right to resist [the] officers and prevent them from placing him in unlawful custody, and for the purpose of said resistance, was at liberty to use such force as was at his command and necessary to prevent said arrest.' The court said this instruction was 'inapplicable to the issues of this case' and refused to give it.

"The requested instruction was too broad and in a sufficient sense inapplicable. 'One has an undoubted right to resist an unlawful arrest, and courts will uphold the right of resistance in proper cases.' *United States v. Di Re*, 332 U.S. 581, 594, 68 S.Ct. 222, 228, 92 L.Ed. 210. But the right to resist arrest does not extend to killing the officer, though it may reduce a homicide from murder to manslaughter. *John Bad Elk v. United States*, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874."

**7.** In *Beck v. State of Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 the Court said: " 'The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.' *Brinegar v. United States*, supra, 338 U.S. at 176, 69 S.Ct. at 1311."